522 So.2d 536 (1988)
Michael Tyrone BRAGGS, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-883.
District Court of Appeal of Florida, Third District.
March 29, 1988.
Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART and BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Michael Tyrone Braggs from sentences of 100 years and thirty-four years imposed upon prior convictions for (1) burglary with an assault, and (2) robbery, based on adverse jury verdicts. We have previously affirmed these convictions and sentences, Braggs v. State, 478 So.2d 451 (Fla. 3d DCA 1985); subsequently, the trial court vacated these sentences pursuant to Fla.R. Crim.P. 3.850 and resentenced the defendant to the sentences now under review. These sentences depart upward from the presumptive sentencing guidelines sentence, and the defendant attacks the validity of three of the trial court's five reasons for exceeding these guidelines. We disagree and affirm.
Without dispute, two of the trial court's reasons for departing from the sentencing *537 guidelines were valid reasons for such departure  namely, that "the defendant has been involved in an escalating pattern of criminal behavior culminating in the instant offense," and that "the defendant committed these offenses shortly after being released from custody for a prior offense." Keys v. State, 500 So.2d 134 (Fla. 1986); Nixon v. State, 494 So.2d 222 (Fla. 1st DCA 1986); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984). Two of the three remaining reasons for departure were also valid when considered together  namely, that "this defendant has been shown to be unamenable to rehabilitation," and that "the defendant has failed to respond to alternative treatment programs." Ballard v. State, 501 So.2d 1285 (Fla. 4th DCA), rev. denied, 488 So.2d 67 (Fla. 1986); Burch v. State, 462 So.2d 548 (Fla. 1st DCA), aff'd, 476 So.2d 663 (Fla. 1985). The final reason for departure: that "this sentence will more appropriately reflect the need to protect society and exact appropriate retribution," is also a valid reason for said departure when considered together with the other four reasons. Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984).
Affirmed.