GODERICH, Judge.
This ease is before us on remand for reconsideration in light of Jones v. State, 559 So.2d 204 (Fla.1990).[1]
The defendant contends that the trial court erred in departing from the sentencing guidelines without providing written reasons, and therefore, this cause must be remanded for resentencing within the sentencing guidelines. Under the circumstances of this case and in light of Jones, we disagree.
In the instant case, the defendant was sentenced as a habitual offender. At the sentencing hearing, it is clear that the State misinformed the trial court that because of the application of the habitual offender statute, the sentencing guidelines did not apply.[2]'[3] As in Jones, this was not a departure sentence based on the invalid reason that the defendant was a habitual offender. Rather, the defendant’s sentence was based on the trial court’s mistaken belief that the application of the habitual offender statute took the sentence out of the guidelines.
*34 Accordingly, we remand to the trial court for resentencing. Upon resentencing, the trial court is permitted to enter a proper departure sentence based upon valid written reasons.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

. This court had previously affirmed the defendant’s conviction for second-degree murder with a firearm, reversed his conviction for unlawful possession of a firearm while engaged in a criminal offense and remanded for resentenc-ing within the guidelines. Fonseca v. State, 570 So.2d 424 (Fla. 3d DCA1990). The Florida Supreme Court quashed this court’s opinion and remanded for further reconsideration. State v. Fonseca, 598 So.2d 1069 (Fla. 1992). On remand, based on the State’s proper confession of error, we once again affirm the defendant's conviction for second-degree murder and reverse his conviction for unlawful possession of a firearm while engaged in a criminal offense.

. At the sentencing hearing, the prosecutor stated the following:
MR. RANCK: So it’s clear, 775.084, the habitual offender statute takes the sentence out of the guidelines.
This is not considered a deviation or departure, simply a life sentence which is not controlled by the guidelines.

.The defendant’s conviction was for an offense which occurred on June 29, 1988, prior to the effective date of the 1988 amendment to the habitual offender statute. Pursuant to the 1988 amendment, the application of the habitual offender statute removes a sentence from the guidelines. See Ch. 88-131 § 6, Laws of Florida (1988); see abo, Marion v. State, 582 So.2d 115 (Fla. 3d DCA1991).