642 So.2d 129 (1994)
Michael Tyrone BRAGGS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2055.
District Court of Appeal of Florida, Third District.
September 14, 1994.
*130 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark Rosenblatt, Asst. Atty. Gen., for appellee.
Kurt E. Ahrendt, Tallahassee, for amicus curiae Florida Parole Com'n.
Before NESBITT, BASKIN and COPE, JJ.
COPE, Judge.
Michael Braggs appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We reverse.
Defendant Braggs first contends that he is entitled to a new sentencing proceeding because he elected to be sentenced under the guidelines in March, 1984, and the guidelines in effect at that time have since been declared unconstitutional. See Smith v. State, 537 So.2d 982, 986-88 (Fla. 1989). Defendant's argument on this point has merit.
Defendant was convicted of robbery and burglary of an occupied dwelling, with an assault. He committed the crimes on September 14, 1983. This was prior to the original October 1, 1983 effective date for the sentencing guidelines. See id. at 984.
Defendant was sentenced on March 19, 1984. At that time he stated an election to be sentenced under the sentencing guidelines. The trial court decided instead to impose a habitual offender sentence of 30 years for the robbery and a consecutive 100 year sentence for the burglary.[1] The trial court took the view that habitual offender sentences were exempt from the sentencing guidelines and that the defendant's announced election to be sentenced under the guidelines was legally ineffective. The trial court did not view the habitual offender sentence as being a departure sentence, but instead viewed a habitual offender disposition as being entirely outside the sentencing guidelines. The court entered an order declaring defendant to be a habitual offender and imposing sentence accordingly. Defendant appealed the conviction and this court affirmed. Braggs v. State, 478 So.2d 451 (Fla. 3d DCA 1985).
In 1986 the Florida Supreme Court announced Whitehead v. State, 498 So.2d 863 (Fla. 1986). The court held that the habitual offender statute is subject to, and not independent of, the sentencing guidelines. Id. at 865-67. Defendant moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850. The State took the position that in light of Whitehead, defendant was entitled to be resentenced.[2]
Defendant's resentencing occurred March 10, 1987. At that time there was no discussion of any election, or re-election, of the sentencing guidelines. Instead it is reasonably clear that all parties considered defendant's March, 1984 election of the sentencing guidelines to remain in full force and effect. At the 1987 resentencing, the State requested imposition of a departure sentence, which *131 the trial court granted.[3] The court then imposed a 100 year sentence for the burglary and 34 years for the robbery,[4] to be served consecutively, and entered a written departure order. On direct appeal, defendant challenged the departure reasons and this court affirmed. Braggs v. State, 522 So.2d 536, 536-37 (Fla. 3d DCA 1988).
In 1989 the Florida Supreme Court decided Smith v. State. The court held that the sentencing guidelines were invalid for the period prior to July 1, 1984. 537 So.2d at 987-88.
In 1992 defendant filed the instant motion to correct illegal sentence. He argued that he was entitled to be sentenced under guidelines effectively selected by him, or alternatively to be sentenced under the pre-guidelines sentencing law under which he would be eligible for parole. The trial court denied the motion and this appeal followed.
We conclude that under Smith v. State, defendant is entitled to a new sentencing proceeding. The only occasion on which defendant made an election to be sentenced under the guidelines was in March, 1984. The guidelines in effect at that time have since been declared unconstitutional. Smith, 537 So.2d at 987. The record reflects no subsequent election of the guidelines system by the defendant. Under Smith, defendant is entitled to be resentenced. Id.[5] At the new sentencing proceeding defendant must be sentenced under pre-guidelines sentencing law, unless he makes a valid election to be sentenced under the guidelines. See id.[6] Defendant should clearly understand that if he makes another election to be sentenced under the sentencing guidelines, the trial court is free again to impose a departure sentence.[7]
*132 Defendant next contends that his 34 year sentence for robbery is illegal. We agree. Defendant was convicted of robbery under paragraph 812.13(2)(c), Florida Statutes (1981), which is a second degree felony carrying a term of imprisonment not exceeding 15 years. Id. § 775.082(3)(c). Defendant was originally sentenced under the habitual offender statute, which allowed the trial court to increase the sentence to 30 years on the robbery count. See id. § 775.084(4)(a)(2).
When defendant was resentenced in 1987 the trial court vacated the habitual offender order. The court did not resentence defendant as a habitual offender but instead imposed a departure sentence. The trial court announced that it would again impose 100 year and 30 year consecutive terms, overlooking the fact that without habitual offender treatment, the legal maximum on the robbery count was 15 years. When the written sentencing order was entered, it contained a scrivener's error which increased the 30 year sentence to 34 years. The 34 year sentence exceeds the legal maximum. Consequently, at resentencing on the robbery count the sentence cannot exceed the legal maximum of 15 years.
Defendant next contends that his 100 year sentence for burglary is illegal. We reject defendant's argument on authority of Dunn v. State, 522 So.2d 41 (Fla. 5th DCA 1988), and Greenhalgh v. State, 582 So.2d 107 (Fla. 2d DCA 1991); see also Alvarez v. State, 358 So.2d 10, 12-13 (Fla. 1978).
We next consider whether amendments to chapter 921, Florida Statutes, have conferred parole eligibility on persons who committed crimes prior to October 1, 1983 but elected to be sentenced under the sentencing guidelines. At the time the sentencing guidelines were originally adopted, subsection 921.001(8), Florida Statutes (1983), specifically enumerated the methods of release from incarceration for any "person convicted of crimes committed on or after October 1, 1983, or any other person sentenced pursuant to sentencing guidelines adopted under this section." (Emphasis added). In essence subsection 921.001(8) provided that persons sentenced under the guidelines would be released upon expiration of sentence, less any gain time, or by clemency action of the pardon board. There was no parole eligibility. Id.
In 1988 the legislature repealed the reference to "any other person sentenced pursuant to sentencing guidelines adopted under this section." Ch. 88-122, § 8, Laws of Fla., presently codified as § 921.001(10), Fla. Stat. (1993). This court invited a brief by the Florida Parole Commission to address the question whether the 1988 statutory amendment was intended to confer parole eligibility on those who had committed crimes prior to October 1, 1983 but had elected to be sentenced under the sentencing guidelines.[8]
The Parole Commission has advised this court that it has consistently interpreted the statute to preclude parole eligibility for persons who committed crimes prior to October 1, 1983, but who elected to be sentenced under the guidelines. Such persons are not classified as parole eligible and are not considered for parole.
The Parole Commission also states that the 1988 statutory amendments were designed to implement certain programs to relieve prison overcrowding. This included the conditional release program, which operated prospectively only.[9] Consequently, section 921.001 was amended to distinguish between those who committed crimes on or after October 1, 1988, and those who had committed *133 crimes previously. The 1988 amendments, in other words, did not involve any question of conferring parole eligibility on inmates in defendant's position, but instead the 1988 legislation was aimed at an entirely different problem.
Finally, we note that although the 1988 legislation amended subsection 921.001(10), the legislature retained intact subsection 921.001(4), which provided:
(4)(a) The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.

§ 921.001(4)(a), Fla. Stat. (Supp. 1988) (emphasis added); cf. § 921.001(4)(b), Fla. Stat. (1993) (current version). The provision just quoted must be read in pari materia with the remainder of section 921.001. Reading section 921.001 as a whole and in conjunction with the legislative history, it is clear that when a defendant elects to be sentenced under the guidelines, he necessarily is electing to proceed within the entirety of the guidelines system, including the guidelines provisions regarding release from incarceration. We conclude, therefore, that a defendant who committed crimes prior to October 1, 1983 and elects to be sentenced under the sentencing guidelines is not parole-eligible, but on the contrary is subject to the same methods of release from incarceration as are true under the guidelines generally.[10]
To summarize, we reverse the order denying the motion for correction of illegal sentence and remand with directions to resentence the defendant. Defendant is to be resentenced under pre-guidelines sentencing law unless at resentencing he elects to be sentenced under the sentencing guidelines. Should defendant elect to proceed under the guidelines, the trial court may again impose a departure sentence, and any such sentence under the guidelines system is not paroleeligible. At resentencing defendant's sentence for the offense of robbery must not exceed the 15 year statutory maximum.
Reversed and remanded for resentencing consistent herewith.
NOTES
[1] The trial court initially announced a sentence of life on the burglary offense, but on motion by the State, changed the life sentence to a 100 year sentence. The State asked for this change in conjunction with its request for the trial court to retain jurisdiction over the defendant. See § 947.16(3), Fla. Stat. (Supp. 1982). Although the trial court changed the sentence to 100 years, the court decided not to retain jurisdiction.
[2] Although immaterial for present purposes, the Florida Supreme Court has since held that Whitehead does not have retroactive application. McCuiston v. State, 534 So.2d 1144, 1146 (Fla. 1988).
[3] At the time of the defendant's original sentencing in March, 1984, the State had submitted a request for a departure sentence in addition to its request for imposition of a habitual offender disposition. The court entered the habitual offender order, and did not rule on the request for a departure sentence.
[4] The trial court's oral pronouncement made clear that the trial court intended to reimpose the same sentence lengths that had been imposed under the habitual offender sentence, namely, 100 years and 30 years to run consecutively. By scrivener's error, the sentence departure order stated that the sentence for robbery was 34 years.
[5] In Smith, unlike the present case, the Florida Supreme Court found that Smith had made a subsequent effective election to be sentenced under the guidelines system. The Florida Supreme Court recognized that the particular circumstances of Smith v. State put Smith "in a unique posture." Smith v. State, 537 So.2d at 987. That is so because at his 1988 resentencing, the trial court declared the sentencing guidelines unconstitutional for the period prior to July 1, 1984. Id. at 983. The trial court took the position that since there were no valid sentencing guidelines in effect as of March, 1984, the court could then resentence the defendant under pre-guidelines sentencing law. Despite the trial court's stated intention, the defendant continued to assert an entitlement to be resentenced under the sentencing guidelines. Id. at 987. Since constitutionally valid guidelines were in place as of the defendant's resentencing in 1988, the supreme court concluded that Smith had made an effective election of the sentencing guidelines at the 1988 sentencing proceeding, and was entitled to be resentenced thereunder. Id.

In the present case there has been no comparable subsequent election of the sentencing guidelines.
[6] Where the defendant chooses the sentencing guidelines, the sentencing court is to use the version of the guidelines which is in effect on the date the defendant makes an effective election. Smith v. State, 537 So.2d at 987 & n. 3.
[7] Although we need not explore the question here, it appears that two or more of the 1987 departure reasons remain valid under current law. Compare Braggs v. State, 522 So.2d at 536 (escalating pattern of criminal behavior, defendant not amenable to rehabilitation) with §§ 921.001(8), 921.0016(3)(p), Fla. Stat. (1993) (defendant "not amenable to rehabilitation or supervision as evidenced by an escalating pattern of criminal conduct as described in § 921.001(8)."). See generally Smith v. State, 537 So.2d at 987 (sentencing is governed by version of guidelines in effect on date defendant makes a valid election to be sentenced under the guidelines).

In a pro se submission to this court in connection with this appeal defendant contends that the departure sentence imposed in 1987 was impermissible under Shull v. Dugger, 515 So.2d 748 (Fla. 1987). It appears that this issue is procedurally barred. Assuming for purposes of discussion that the issue is properly before us, defendant is incorrect. As stated in Jones v. State, 559 So.2d 204 (Fla.), cert. denied, 498 U.S. 907, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990), "[t]his was not a case where the judge relied upon a reason for departure that was later declared invalid but, rather, one in which the judge considered his sentence to be one to which the guidelines did not apply." Id. at 206. As occurred in Fonseca v. State, 614 So.2d 33 (Fla. 3d DCA 1993), "the defendant's sentence was based on the trial court's mistaken belief that the application of the habitual offender statute took the sentence out of the guidelines." Id. at 33. Consequently, the trial court was permitted to enter a departure sentence at the 1987 resentencing. See Jones, 559 So.2d at 206; Fonseca, 614 So.2d at 34.
[8] The court expresses appreciation to the Parole Commission for its assistance as amicus curiae.
[9] The conditional release program established by section 947.1405, Florida Statutes (Supp. 1988), was made applicable to defendants who committed crimes on or after October 1, 1988. Id. §§ 921.001(11), 947.1405.
[10] We need not reach the question whether the same result would be compelled by Article X, section 9 of the Florida Constitution.