PER CURIAM.
Michael Anthony Morrison appeals his convictions of multiple crimes. We reject his claim that the State exercised a race-based peremptory challenge because (1) this objection was not renewed at the conclusion of jury selection. See Joiner v. State, 618 So.2d 174, 176 (Fla.1993); Portela v. State, 661 So.2d 932 (Fla. 3d DCA 1995); Cruz v. State, 660 So.2d 792 (Fla. 3d DCA 1995); see also Milstein v. Mutual Security Life Ins. Co., 705 So.2d 639, 640 (Fla. 3d DCA 1998).(2) The argument defendant-appellant now advances on appeal was not presented to the trial judge. See Fotopoulos v. State, 608 So.2d 784, 788 (Fla.1992); Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997).(3) Assuming the point had been properly preserved for appellate review, the State gave a race-neutral reason for excusing the juror, which was accepted by the trial court. See Fotopoulos, 608 So.2d at 788.
We reject the defendant’s claim that the identification evidence was legally insufficient to convict him. (1) This point was not preserved for appellate review because the defendant did not include this ground in the motion for judgment of acquittal. See Johnson v. State, 478 So.2d 885, 886 (Fla. 3d DCA 1985).(2) Assuming that the point had been preserved for appellate review, the evidence was in fact legally sufficient and the weight of the evidence was for the jury to consider. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
Affirmed.