842 So.2d 1052 (2003)
Leonard COPELAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2886.
District Court of Appeal of Florida, Third District.
April 23, 2003.
Leonard Copeland, in proper person.
Charles J. Crist, Jr., Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
PER CURIAM.
Leonard Copeland appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We conclude that the motion should have been granted, and reverse the order now before us.
Defendant-appellant Copeland was convicted of burglary and armed robbery. The crime date was March 1984. The defendant was sentenced under the sentencing guidelines to a departure sentence of life followed by thirty years.
Subsequently the Florida Supreme Court held the sentencing guidelines unconstitutional for the period prior to July 1, 1984. Smith v. State, 537 So.2d 982, 987 (Fla.1989). This means that the defendant must be resentenced to a nonguidelines, parole-eligible sentence. Id.; see Braggs v. State, 642 So.2d 129, 131 (Fla. 3d DCA 1994); Fowler v. State, 641 So.2d 941, 942 (Fla. 5th DCA 1994).
At the sentencing proceeding the defendant may elect to be sentenced under the guidelines if he so chooses. If he does so, the trial court is free to reimpose the departure sentence, see Braggs, 642 So.2d at 131, which would not be parole-eligible.
For the reasons stated, the order denying the motion is reversed and the cause remanded for resentencing of the defendant.