PER CURIAM.
Al-Jerome Carter (“defendant”) appeals from an order denying his motion to correct illegal sentence pursuant to Florida Rules of Criminal Procedure 3.800. We reverse and remand for resentencing.
The defendant was convicted of second-degree murder for a crime committed in November of 1996. The defendant was sentenced under the 1995 sentencing guidelines, which permitted the judge to impose a life sentence if the total sentencing points exceeded a certain number. Subsequently, the Florida Supreme Court held the 1995 sentencing guidelines unconstitutional for crimes committed from October 1, 1995 to May 24, 1997. See Heggs v. State, 759 So.2d 620 (Fla.2000). Where the sentencing guidelines are unconstitutional, the defendant can claim relief under Rule 3.800. See Copeland v. State, 842 So.2d 1052 (Fla. 3d DCA 2003) (holding that the defendant must be resentenced where sentencing guidelines have been held unconstitutional).
Heggs requires only the resentencing of those persons who were adversely affected by the application of the 1995 guidelines. A defendant sentenced outside the guidelines is not adversely affected if the reasons invoked for going outside the guidelines would be valid under both the 1994 and 1995 laws. See State v. Lemon, 825 So.2d 927 (Fla.2002).
Here, there was no provision in the 1994 guidelines that allowed a life sentence to be imposed if a certain point score was exceeded. Therefore, the defendant was adversely affected by the application of the 1995 guidelines, and the case must be remanded for resentencing. On remand, the trial court may impose an upward departure sentence supported by valid written reasons that existed at the time of the original sentencing. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Trotter v. State, 774 So.2d 924 (Fla. 5th DCA 2001).
Reversed and remanded.