PER CURIAM.
Appellant, Todd Smith, .appeals from the trial court’s denial of his Motion to Correct Illegal Sentence. See Fla. R.Crim. P. 3.800(a). Based on the State’s proper confession of error, we reverse Appellant’s sentences on two' counts of robbery and one count of burglary and remand for re-sentencing.
Appellant was convicted on two counts of robbery with a pistol, one count of burglary without a firearm, and-two counts of kidnapping with a pistol for crimes committed on December 24, 1982. He was sentenced on October 31,1983 to ten years imprisonment for each of the robbery and burglary convictions, to be served concurrently, and life in prison for the two kidnapping convictions, to be served consecutive to the first robbery count.
Appellant argues that the guidelines under which he was sentenced for robbery and burglary, section 921.001, Florida Statutes (1983), were later declared unconstitutional until enacted by the legislature on July 1, 1984. See Smith v. State, 587 So.2d 982, 988 (Fla.1989). The State properly concedes that, for this reason, Appellant should be re-sentenced on those counts. We therefore reverse the denial of Appellant’s 3.800 motion on the robbery and burglary counts and remand for re-sentencing either to non-guideline, parole-eligible sentences, or, if Appellant elects, to sentences under the version of the sentencing statutes in effect at the time that Appellant makes, an effective election.[1] *684 See §§ 921.002-921.0027, Fla. Stat. (2003); Copeland v. State, 842 So.2d 1052 (Fla. 3d DCA 2003). See also Braggs v. State, 642 So.2d 129 (Fla. 3d DCA 1994); Fowler v. State, 641 So.2d 941 (Fla. 5th DCA 1994).[2] Appellant has the right to be present at re-sentencing and to be represented by counsel. See Duhart v. State, 858 So.2d 1222 (Fla. 3d DCA 2003).
We find no merit in Appellant’s other claims and find that he was correctly sentenced to non-guideline sentences on the kidnapping convictions, which we affirm.
Affirmed in part, reversed in part, remanded for re-sentencing.

. The legislature' replaced the ■ sentencing guidelines with the Criminal Punishment Code, effective 1998. Ch. 97-194, §§ 1/2, at 3674, Laws of Fla.

. Appellant points out that he was sentenced to ten years imprisonment on the burglary count, a third degree felony punishable by no more than five years. See § 775.082(3)(d), Fla. Stat. (1981); § 810.02(3), Fla. Stat. (Supp.1982). The trial court must ensure, in re-sentencing, that Appellant's sentences do not exceed the statutory limitations.