932 So.2d 533 (2006)
Michael MORRISON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3049.
District Court of Appeal of Florida, Third District.
June 21, 2006.
Bennett H. Brummer, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Ishir Mehta, Assistant Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.

On Motion for Clarification
COPE, C.J.
On consideration of the State's motion for clarification, we withdraw our previous opinion and substitute the following opinion.
Michael Morrison appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
Defendant-appellant Morrison contends he is entitled to a new sentencing proceeding on account of the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 961, 125 S.Ct. 21, *534 159 L.Ed.2d 851 (2004). The trial court correctly denied that claim. The defendant's convictions and sentences became final on direct appeal in 1999. See Morrison v. State, 731 So.2d 864 (Fla. 3d DCA 1999). The decisions in Apprendi and Blakely are not retroactive. See Hughes v. State, 901 So.2d 837, 838 (Fla.2005); Reed v. State, 898 So.2d 1204, 1205 (Fla. 3d DCA 2005).
The more substantial issue is the defendant's claim to entitlement to resentencing under Heggs v. State, 759 So.2d 620 (Fla. 2000). The State concedes the defendant is entitled to relief and we agree.
The defendant was convicted of multiple offenses which occurred on December 5, 1995.[1] At sentencing the State prepared a 1995 guidelines scoresheet which showed a sentencing range of 234.45 months (19.53 years) to 390.75 months (32.56 years). The trial court sentenced the defendant to thirty-two years with a three-year minimum mandatory sentence.
In 2000 the Florida Supreme Court announced Heggs, which held the 1995 sentencing guidelines to be unconstitutional. Slightly over two years later, the defendant filed a motion to correct illegal sentence requesting resentencing under Heggs ("the 2002 motion"). The defendant alleged that under the 1994 guidelines his sentencing range would be 116.8 months to 194.7 months. Under that calculation, the defendant's maximum permissible sentence under the 1994 guidelines would be considerably less than his thirty-two-year sentence. The trial court denied the motion to correct illegal sentence.
On appeal, the State argued that Heggs relief could be obtained only by a Rule 3.850 motion and, treated as such, the defendant's 2002 motion was time-barred. This court affirmed without opinion. See Morrison v. State, 838 So.2d 1167 (Fla. 3d DCA 2003).
As part of the defendant's current Rule 3.800(a) motion, he has reiterated his Heggs claim. The trial court denied the Heggs portion of the defendant's motion on the basis that it had already been adjudicated adversely to him.
The defendant in this case was convicted at trial and was sentenced under the 1995 sentencing guidelines. In that circumstance a defendant is allowed to raise a Heggs claim under Rule 3.800(a). Carter v. State, 848 So.2d 1255, 1256 (Fla. 3d DCA 2003) (citing Copeland v. State, 842 So.2d 1052 (Fla. 3d DCA 2003)).
The State concedes, and we agree, that if the defendant's calculations are correct then it would be a manifest injustice within the meaning of State v. McBride, 848 So.2d 287 (Fla.2003), to enforce a procedural bar on this claim. We therefore reverse for a hearing on the merits of the Heggs claim. The defendant shall be represented by counsel at such hearing.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.
NOTES
[1] This is within the Heggs window. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000).