PER CURIAM.
Nelson Tamayo Martinez appeals an order denying his second motion for post-conviction relief under Florida Rule of *29 Criminal Procedure 3.850. We remand for further proceedings.
Defendant-appellant Martinez alleges that his counsel was ineffective for affirmatively misadvising him about the amount of time he could be sentenced to if he proceeded to a hearing on revocation of probation, as opposed to accepting a favorable fifteen-month plea offer from the State. Before the revocation hearing began, defense counsel stated on the record that if the defendant rejected the fifteen-month offer, “he is looking at thirty months, I believe, that’s what he scores out to.” The defendant rejected the plea offer and proceeded with the revocation hearing.
After the revocation hearing concluded, the trial court revoked the defendant’s probation. The court informed the defendant that the legal maximum was fifteen years and sentenced the defendant to twelve years of incarceration.
In the Rule 3.850 motion now before us, the defendant alleges that the foregoing statement by trial counsel constituted affirmative misadvice that the defendant’s maximum exposure in the case was thirty months of incarceration, whereas the actual maximum exposure was far in excess of that amount. The trial court denied the defendant’s motion on the ground that it was successive. The defendant has appealed.
The defendant has stated a cognizable claim. See Rudolf v. State, 851 So.2d 839 (Fla. 2d DCA 2003). Assuming the trial court was technically correct on the issue of successiveness, we think the case falls within the manifest injustice exception outlined in State v. McBride, 848 So.2d 287 (Fla.2003). See also Hunt v. State, 922 So.2d 452 (Fla. 4th DCA 2006); Morrison v. State, 932 So.2d 533 (Fla. 3d DCA 2006). The defendant’s claim of affirmative mis-advice appears to be documented on the face of the transcript. The defendant’s claim is not otherwise explained or refuted in the limited record now before us. See Fla. R.App. P. 9.141(b)(2)(D). Because the present record fails to show conclusively that the appellant is entitled to no relief, id., we reverse the order now before us and remand for an evidentiary hearing, or attachment of record excerpts conclusively refuting the appellant’s claim.
Reversed and remanded for further proceedings consistent herewith.