On Motion for Rehearing
 

 COPE, J.
 

 On consideration of the motion for rehearing and the memoranda filed by the State, the Public Defender, and the Florida Parole Commission, this court withdraws its previous opinion and substitutes the following opinion.
 

 The question before us is whether Charles Williams is entitled to be resen-tenced for the offenses of aggravated assault and sale of cocaine on authority of
 
 Smith v. State,
 
 537 So.2d 982 (Fla.1989). We conclude that the answer is yes.
 

 In 1967, defendant-appellant Williams was found guilty of first-degree murder and was sentenced to life imprisonment. The sentence was parole eligible. At some point he was released on parole.
 

 On October 1, 1983, the sentencing guidelines took effect.
 
 See
 
 § 921.001(4)(a), Fla. Stat. (1983); ch. 83-87, § 2, Laws of Fla.
 

 On October 13,1983, the defendant committed the crimes of aggravated assault and sale of cocaine. In May of 1984, he was convicted and sentenced to four years under the guidelines, with a three-year mandatory minimum sentence. These sentences are consecutive to the life sentence.
 

 In 1989, the Florida Supreme Court held the sentencing guidelines to be unconstitutional for the period prior to July 1, 1984. This meant that persons whose crime date was between October 1, 1983, and June 30, 1984, were entitled to be resentenced.
 
 Smith v. State,
 
 537 So.2d at 987;
 
 see Smith v. State,
 
 876 So.2d 682, 683 (Fla. 3d DCA 2004). The defendant filed a motion under Florida Rule of Criminal Procedure 3.800(a) requesting resentencing under the cases just cited. The trial court denied the motion as having been previously adjudicated. The defendant has appealed.
 

 The defendant asserts, and the Parole Commission agrees, that the defendant is within the group of inmates covered by
 
 Smith,
 
 537 So.2d at 987. However, he has never been resentenced pursuant to that decision.
 

 The practical significance of this is that a Parole Commission Examiner has recommended that the defendant be paroled from his life sentence into his consecutive four-year sentence (with three-year mandatory minimum). The defendant is not eligible for release on parole until he completes his four-year guidelines sentence. That is so because parole is not available for offenders serving a guidelines sentence.
 
 See Gale v. State,
 
 483 So.2d 53, 55 (Fla. 1st DCA 1986). According to the Parole Commission, if the defendant were resentenced under
 
 Smith
 
 to a parole eligi
 
 *908
 
 ble sentence, then he would be eligible for parole on that sentence after serving the three-year mandatory minimum sentence. In other words, if the defendant were re-sentenced to a parole-eligible sentence under
 
 Smith,
 
 he would become eligible for release on parole a year earlier than would otherwise be the case.
 

 The State points out that this request for relief was denied in an earlier postconviction motion. As we view the matter, the manifest injustice exception to the res judicata doctrine is applicable here.
 
 See State v. McBride,
 
 848 So.2d 287, 291-92 (Fla.2003). That is so because the defendant was sentenced under a version of the sentencing guidelines which was later held to be unconstitutional. Resentencing to a parole-eligible sentence would make the defendant eligible for release a year earlier than would otherwise be the case.
 

 The State also argues that in 1984 the defendant may have affirmatively elected to be sentenced under the sentencing guidelines. We see no basis for that argument. Persons who committed a crime prior to the October 1, 1983 version of the sentencing guidelines had the right to elect to be sentenced under the guidelines if the actual sentencing was held after October 1, 1983. § 921.001(4)(a), Fla. Stat. (1983). That exception has no application here, because the defendant’s crime date was October 13, 1983, after the original version of the sentencing guidelines had gone into effect. Under the sentencing guidelines in effect at that time, sentencing under the guidelines was mandatory. The Florida Supreme Court’s declaration of unconstitutionality did not occur until 1989. There would have been no occasion for the defendant to make an affirmative election of the sentencing guidelines at the time of the 1984 sentencing. The Parole Commission is correct in saying that the defendant is within the group of offenders covered by
 
 Smith.
 

 For the stated reasons, the order now before us is reversed and the cause remanded for resentencing in Miami-Dade County Circuit Court case number 83-23370. The defendant shall be represented by counsel at the resentencing.
 

 Reversed and remanded for further proceedings consistent herewith.