487 So.2d 1176 (1986)
Jonathan Craig WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
BE-326.
District Court of Appeal of Florida, First District.
April 29, 1986.
Michael E. Allen, Public Defender, Larry G. Bryant, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
This is an appeal of a judgment rendered after jury trial and of a sentence imposed pursuant to the sentencing guidelines. We affirm in part, reverse, and remand.
*1177 Appellant, defendant below, was charged by amended information with two counts of attempted first-degree murder with a firearm, four counts of armed robbery, and three counts of attempted armed robbery. The evidence presented at the four-day jury trial showed that appellant entered the rear door of a Jacksonville life insurance company on the afternoon of January 6, 1984, carrying a pistol and several pieces of rope. Seven persons who were inside the building at the time were ordered to lie face down on the floor and their hands were tied behind their backs. Four of the seven people were ordered to remove their wallets from their pockets or purses before their hands were tied. At some point during the commission of the crime, several police officers arrived on the scene. In the struggle to subdue the appellant, two police officers, Bryan and Brown, were shot by the appellant. Officer Brown was only slightly wounded whereas Officer Bryan sustained severe injuries. The appellant himself was slightly injured when another officer, Hammond, hit him on the head with the butt of a gun in order to subdue him.
The jury found appellant guilty of two counts of attempted second-degree murder, four counts of armed robbery, and three counts of attempted armed robbery. He was sentenced, outside of the guidelines, to forty years on each of the armed robbery counts, thirty years on each attempted second-degree murder count, and fifteen years on each attempted armed robbery count. The sentencing guidelines scoresheet, using attempted second-degree murder as the primary offense, recommended a range of seventeen to twenty-two years. The court listed eight reasons for departure from the guidelines. Appellant now raises several issues on appeal, two of which we find require reversal.
Appellant first submits that the trial court erred in using the sentencing guidelines scoresheet in effect at the time of his sentencing as opposed to the scoresheet in effect at the time of the offense. In light of the supreme court's ruling in State v. Jackson, 478 So.2d 1054 (Fla. 1985), we affirm. Although use of the amended guidelines was disadvantageous to appellant, the court's decision in Jackson has been interpreted as holding that the sentencing guidelines are procedural in nature and do not require application of the ex post facto doctrine. Therefore, the guidelines in effect at the time of the most recent sentencing will be applied. Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA 1985).
We also find appellant's second argument to be without merit. All eight of the court's written reasons for departure were valid and, therefore, the court did not err in departing from the sentencing guidelines.
We agree, however, with appellant's third argument, that the court erred in assessing twenty-eight points for victim injury to Officers Brown and Bryan. According to Rule 3.701(d)(7), Fla.R.Crim.P., victim injury "shall be scored if it is an element of any offenses at conviction." Since victim injury is not a necessary element of either attempted second-degree murder, armed robbery, or attempted armed robbery, the twenty-eight points must be removed from the scoresheet. See Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985) and Motyka v. State, 457 So.2d 1114 (Fla. 1st DCA 1984).[1] We therefore reverse and remand for the removal of twenty-eight points from the sentencing guidelines scoresheet.
On remand, the court is also directed to strike the provision retaining jurisdiction over one third of appellant's sentence on Count One. Since appellant was sentenced under the sentencing guidelines, retention of jurisdiction over any portion of the sentence was clearly erroneous. Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985).
*1178 Appellant next argues that the court erred in denying his motion to suppress and his motion for judgment of acquittal. We find both of these arguments to be without merit.
A hearing on appellant's motion to suppress statements, admissions, and confessions was held in May of 1984. At the hearing, the State presented the testimony of appellant himself, and of Detectives Eason and Japour, who conducted the interrogation of the appellant at the police station on the day of the crime. According to Detective Eason's testimony, Eason introduced himself to appellant by giving his name and asking appellant his name. After appellant refused to state his name, Eason advised him of his rights. Appellant then signed a form indicating that he understood his rights, and spoke freely and voluntarily about a number of topics, including the events surrounding the crime. His statement was reduced to writing and was read and signed by the appellant. Both Detectives Eason and Japour testified that appellant was not threatened or coerced, that he appeared to understand his rights, that he waived his rights, and that he did not appear to be under the influence of drugs or alcohol or to be affected by his injury.
Contrary to the testimony of Eason and Japour, the appellant testified, and argues on appeal, that he repeatedly told the police he wished to remain silent and to consult with an attorney. Additionally, appellant testified that he was threatened by several police officers at the scene of the crime, that he was influenced by his head injury, and that he was otherwise coerced into cooperating in the interrogation. As a result, according to appellant, his will to remain silent was surmounted and the confession was not knowingly and voluntarily made.
The conversation in the interrogation room was not taperecorded, nor was there a court reporter present. Interpreting the evidence in the manner most favorable to sustaining the trial court's ruling, however, we affirm. Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, Johnson v. Florida, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). The State has satisfied its burden of showing that the accused was advised of his rights, and the trial court was not obligated to give greater weight to defendant's testimony than to the two officers' testimony. Foreman v. State, 213 So.2d 754 (Fla. 1st DCA 1968).
Last, we also affirm the trial court's denial of appellant's motion for judgment of acquittal as to three of the armed robbery counts. The evidence indicates that three of the armed robbery victims who were ordered to remove their wallets and place them on the floor testified that they never saw appellant with their wallets. Appellant now argues that the State failed to show that these wallets were ever within his dominion and control. We disagree. In Johnson v. State, 432 So.2d 758 (Fla. 1st DCA 1983), this court found the element of taking necessary for a robbery conviction to have been satisfied by the fact that the victim was required to remove money from its original position where the victim wanted it to be and to place the money on a counter in front of the defendant. This court stated that in so doing, the money came within the dominion and control of the defendant and was sufficient to complete the taking even if the defendant had not momentarily touched the money. Appellant's argument that the victims never saw him with their wallets is therefore without merit.
Accordingly, we affirm in part, reverse, and remand with instructions that the court (1) remove 28 points scored for "victim injury" from appellant's sentencing guidelines scoresheet, and (2) strike the provision retaining jurisdiction over one third of appellant's sentence on Count One.
JOANOS, J., concurs.
NIMMONS, J., concurs specially with an opinion.
NIMMONS, concurring specially.
My understanding of Judge Shivers' opinion is that we are not reversing either *1179 the judgments or sentences but simply remanding with instructions that the trial court remove 28 points from the guidelines scoresheet. As the opinion recognizes, all eight of the reasons given by the trial court for departure from the guidelines were valid.
NOTES
[1] We note that one of the court's reasons for departing from the sentencing guidelines related to the seriousness of Officer Bryan's injuries. Since we have ruled that the court erred in assessing Officer Bryan's injury on the scoresheet, his injury may be used as a reason for departure. See Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984).