508 So.2d 755 (1987)
Peter SCHRAFFA, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2071.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
Rehearing Denied July 15, 1987.
*756 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Peter Schraffa was charged by information with two criminal acts: count I, maliciously punishing a child, and count II, permitting physical injury to a different child. Schraffa was tried to a jury, which found him guilty of the first count, but not guilty of the second. Schraffa was immediately adjudicated guilty. Schraffa unsuccessfully moved for new trial and to dismiss, and he was subsequently sentenced to a term of 41/2 years in prison, with credit for time served.
Appellant argues that because victim injury is not a necessary element of the felony of aggravated child abuse by maliciously punishing a child, under section 827.03(1)(c), Florida Statutes (1985), with which appellant was charged, there are eight points both in the prosecutor's point count and in the defense counsel's calculation that are incorrect. See, e.g., Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986); Thompson v. State, 483 So.2d 1 (Fla. 1st DCA 1985); Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985); Motyka v. State, 457 So.2d 1114 (Fla. 1st DCA 1984).
The charge against appellant was that he maliciously punished the child by repeatedly striking him with his hand, causing massive bruises on his buttocks and genital area, contrary to section 827.03(1)(c) Florida Statutes. In order to assess victim injury points the law requires not only that physical injury be inflicted, but that it be a necessary element of the crime with which the accused is charged and of which the accused is convicted. Here Schraffa was charged in the information with causing physical trauma, but the crime charged is that identified at section 827.03(1)(c)  aggravated child abuse by maliciously punishing a child. While the punishment appellant inflicted on the child clearly involved physical injury, malicious punishment in the abstract need not involve it. We reluctantly conclude the points for victim injury should not have been assessed.
Such a computational error is fundamental. It may be raised on appeal for the first time. State v. Chaplin, 490 So.2d 52 (Fla. 1986). Rule 3.800(a), Florida Rules of Criminal Procedure, permits the trial court to correct such a computational error. Accordingly, we reverse the sentence and remand with instruction that a correctly calculated scoresheet be prepared and used.
Victim injury can, however, be the basis for departure from a guidelines sentence when victim injury is not a necessary element of the offense. E.g., Wright v. State, 487 So.2d 1176, 1177 (Fla. 1st DCA 1986), and cases cited therein. Accordingly, the trial court, on remand, may consider whether departure should be ordered. Chaplin, 490 So.2d at 53 n. 1.
LETTS and GUNTHER, JJ., concur.