HALL, Judge.
Angelo Andrews appeals from his final judgment and sentence for robbery. He raises four points on appeal. We find merit only in his contentions that the trial court erred in including points for victim injury on his sentencing guidelines scoresheet and in requiring him to perform community service work pursuant to section 27.3455, Florida Statutes (1985).
The victim, Bob Meador, sold radios, stereos, and other items at a flea market. The appellant told Meador that he wanted to buy a stereo and asked him to deliver it to his home. When Meador entered the house he was grabbed from behind, beaten about the face, and knocked to the ground, injuring his back and legs. After assaulting Meador, two men took $150 from Meador’s pocket and $800 from his wallet. Meador was later taken to the hospital for medical treatment.
The appellant was identified by Meador and other witnesses as one of the perpetrators and was charged with robbery. He was convicted by a jury and was sentenced by the trial court within the guidelines to twelve years in prison. The court found the appellant to be indigent and imposed the requirement that he perform community service pursuant to section 27.3455 in lieu of paying court costs.
On appeal Andrews argues that the trial court erred in including fourteen points on his scoresheet for moderate victim injury, raising the presumptive guidelines sentence from a seven to nine years range to a nine to twelve years range. We agree.
Victim injury was not an element of the crime for which the appellant was convicted. It could be used as a reason for departure, but it could not be used in calculating his presumptive guidelines sentence. Schraffa v. State, 508 So.2d 755 (Fla. 4th DCA 1987); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985).
Finally, the community service requirement imposed upon the appellant pursuant to section 27.3455, Florida Statutes (1985), violates the prohibition against ex post facto laws and must be stricken from *646 the sentence. The offense occurred on June 3, 1985, prior to the effective date of the statute on July 1, 1985.
Accordingly, the community service requirement is vacated and this cause is remanded for resentencing under a corrected scoresheet.
SCHEB, A.C.J., and FRANK, J., concur.