DAUKSCH, Judge.
This is an appeal from a sentence in an aggravated child-abuse case. The sentencing judge departed downwards from the recommended guideline sentence without giving written reasons. We vacate the sentence and remand for resentencing because the judge must give written reasons for a departure from the guidelines. Fla. R.Crim.P. 3.701(d)(ll). See also State v. Jackson, 478 So.2d 1054 (Fla.1985).
By cross-appeal the appellee challenges two aspects of the scoring on his guidelines scoresheet. He says he should not have been assessed points for victim injury because victim injury is not an essential element of the crime of which he was convicted, aggravated child abuse.
One may commit the crime of aggravated child abuse in various ways.
827.03 Aggravated child abuse.—
(1) “Aggravated child abuse” is defined as one or more acts committed by a person who:
(a) Commits aggravated battery on a child;
(b) Willfully tortures a child;
(c) Maliciously punishes a child; or
(d) Willfully and unlawfully cages a child.
(2) A person who commits aggravated child abuse is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Appellee was convicted of a violation of paragraph (c) — malicious punishment. It is his contention that victim injury should not be scored because one can maliciously punish a child without actually physically injuring the child. He cites various cases in support of his contention. Northcut v. State, 493 So.2d 85 (Fla. 4th DCA 1986); Holloman v. State, 482 So.2d 431 (Fla. 5th DCA 1985) [other cases omitted]. A later case from the Fourth District Court of Appeal also holds it to be error to score victim injury in a case like this. In fact the case is just like this; same crime, same injurious result of the crime. We, like Judge Glickstein writing for the Fourth District Court of Appeal, reluctantly, hold that because victim injury is not an element of malicious punishment, or its broader crime, aggravated child abuse, it is error to assess points for any physical injuries even though they are the proximate result of the offense. Schrajfa v. State, 508 So.2d 755 (Fla. 4th DCA 1987). The legislature ought to fix that.
SENTENCE VACATED; REMANDED.
COBB, J., concurs and concurs specially with opinion.
*82 ORFINGER, J., concurs m result only.