641 So.2d 941 (1994)
Douglas L. FOWLER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2320.
District Court of Appeal of Florida, Fifth District.
September 2, 1994.
Bill Salmon, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca Roark Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
Douglas L. Fowler is again before this court. In July, 1984, Fowler was convicted of second degree murder and armed robbery which occurred in December 1983. On August 20, 1984, the trial court departed from the guidelines and sentenced Fowler to life imprisonment for the murder and twenty-two years on the armed robbery.
Fowler appealed but challenged only the validity of the departure sentence. We affirmed his sentence. He then filed a 3.850 motion claiming ineffective assistance of counsel. We affirmed the denial of his motion. He then filed a 3.800 motion claiming his original sentence was illegal because the court's reason for departure had subsequently been held invalid by court decisions. We affirmed the denial of his motion. He then went into federal court challenging the validity of his sentence. His motion for writ of habeas corpus was dismissed with prejudice. He is now before us, again on a 3.800 motion, claiming that his original sentence was illegal because he was not permitted to "affirmatively select" to be sentenced under the guidelines some ten years ago.
BINGO!
Although we would like to hold that by acquiescing in his guideline sentence by not challenging it on his initial appeal, by not *942 raising the issue in his 3.850 motion, and by again ignoring the issue in his initial 3.800 motion, Fowler is now estopped to complain about not being permitted to make an affirmative selection ten years ago. Smith v. State, 537 So.2d 982 (Fla. 1989), however, precludes us from doing so.
In Smith, the supreme court determined that the sentencing guidelines were not effective until July 1, 1984, when they were "adopted" (by reference) as a statute by the legislature. Before that time, a court was without legal authority to sentence under the guidelines. The controlling language of Smith is:
Where does this leave appellant? If the sentencing guidelines were invalid when he was sentenced, presumably, he should have been sentenced under the old procedure in which the trial court had absolute discretion to impose a sentence within the statutory maximum. Under these circumstances, however, he would clearly be entitled to seek parole because the elimination of parole was an integral part of the sentencing guideline legislation, and we are convinced that it could not be severed from the statute ...
Ordinarily, this would mean that appellant would be resentenced as if the guidelines had never been enacted. However, appellant is in a unique posture .. . At this point, while the date of his crime continued to predate the effective date of the guidelines (now determined to be July 1, 1984), the new sentencing took place after the guidelines became effective. Under section 921.001(4)(a), a person whose crime was committed before the effective date of the guidelines but sentenced thereafter may affirmatively select to be sentenced under the guidelines. When appellant appeared for resentencing in 1988, his effort to be sentenced under the guidelines effectively constituted the affirmative selection contemplated by section 921.001(4)(a). Therefore, appellant should have been sentenced under the guidelines which were effective on that date.
Smith, 537 So.2d at 987.
Although there is a factual distinction between our case and Smith, it appears to be without substance. Smith would have been entitled to make his affirmative selection even if the 1983 version of 921.001(4)(a) had effectively adopted the guideline rules because his felony was committed before October 1, 1993. In fact, he made such affirmative selection prior to his original sentence. In our case, Fowler would have had no such option because his offense was committed after October 1, 1983. However, since his offense was committed prior to July 1, 1984, the new date determined by the supreme court to replace the original cut-off date, then under Smith, Fowler is entitled to be resentenced either under the appropriate statutes or, if he now affirmatively selects, under the current guidelines.
REVERSED and REMANDED for resentencing.
PETERSON and DIAMANTIS, JJ., concur.