PER CURIAM.
John Ted Wright (Wright) was convicted of one count of armed kidnaping and two counts of sexual battery, committed on January 10, 1984. We reverse and agree with Wright[1] that he is entitled to be resentenced to his original sentence of concurrent twenty-year prison terms. We do so because of the unique circumstances of this case where Wright was originally sentenced during a period of time when the sentencing guidelines were unconstitutional (pursuant to a later holding by the Florida Supreme Court) and was subsequently resentenced to a longer term only because his original sentence was determined on appeal to violate the sentencing guidelines provisions for a downward departure. A more detailed statement of this unusual circumstance follows.
The trial court, on July 31, 1984, (a date upon which all parties and the court were under the assumption that the sentencing guidelines were in effect) departed downward from the sentencing guidelines and sentenced Wright to twenty years in prison on each count, a term which did not exceed the statutory maximum. The State appealed the trial court’s downward departure from the sentencing guidelines and Wright cross-appealed. This court affirmed Wright’s conviction but vacated the sentence and remanded for re-sentencing in accordance with the sentencing guidelines. See State v. Wright 473 So.2d 268 (Fla. 1st DCA 1985)(remanding for re-sentencing within the guidelines because the trial court had provided an improper reason for departing, i.e. the trial court was not convinced that Wright was guilty).
The trial court, on remand, sentenced Wright on March 28,1986, to three concurrent life sentences. This court affirmed Wright’s sentence in Wright v. State, 501 So.2d 727 (Fla. 1st DCA 1987).
Wright, on May 29, 1998, filed a 3.800 motion to correct illegal sentence, the denial of which is the subject of the instant appeal. Wright claims that it was a violation of the prohibition against double jeopardy for the trial court to re-sentence him, pursuant to instructions from this court, to an increased sentence. We agree with Wright that the increased sentence imposed upon him by the trial court in 1986 *1140 was a violation of the prohibition against double jeopardy.
The Florida Legislature, in 1983, enacted section 921.001 of the Florida Statutes which directed the Florida Supreme Court to develop statewide sentencing guidelines, with the guidelines to become effective October 1, 1983. 1983 Fla. Laws ch. 83-87. The Florida Supreme Court, on September 8, 1983, promulgated the sentencing guidelines in the form of rules 3.701 and 3.988, Florida Rules of Criminal Procedure. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). The legislature amended section 921.001 slightly in chapter 84-328, Laws of Florida, which became effective on July 1,1984.
The Florida Supreme Court, in Smith v. State, 537 So.2d 982 (Fla.1989), held that the sentencing guidelines were unconstitutional for offenses committed prior to July 1, 1984, but were valid thereafter. Thus, the Smith court held that for offenses committed before July 1, 1984, a court was without legal authority to impose a guideline sentence upon a defendant absent his or her affirmative election (during a period of time when the guidelines were effective) to be sentenced thereunder.
Section 921.001(4)(a), Florida Statutes (1983), provided, in part:
The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed before October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
(Emphasis added.). The guidelines were presumed to be valid and mandatory at the time Wright committed his offense (January 1984), so Wright was not given the option of affirmatively electing to be sentenced under the guidelines. See Gibbons v. State, 543 So.2d 860 (Fla. 2d DCA 1989)(explaining that the defendant, who committed his crime in March 1984, and was sentenced in 1985, did not “affirmatively select” a guidelines sentence because it was presumed that the guidelines were valid and mandatory).
The guidelines in effect when Wright committed his offense were later found to be invalid pursuant to the holding in Smith. Essentially, the trial court, on the date Wright was originally sentenced, had no authority to sentence Wright to a guidelines sentence and this court (as it was later determined in Smith) had no legal basis to disapprove of a downward departure sentence. Thus, Wright’s original sentences were valid because the trial court at that time had discretion to impose any sentence within the statutory maximum, including the original twenty-year prison terms first imposed upon Wright. Wright is able to timely raise this issue, despite that he was sentenced within the statutory maximum based upon the holding in Hopping v. State, 708 So.2d 263, 265 (Fla.1998):
[W]e hold that where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be reached at any time under rule 3.800.
Thus, re-sentencing Wright in 1986, to an increased term after he had already begun to serve a legal sentence was a violation of the prohibition against double jeopardy. We therefore vacate Wright’s sentences and remand for re-sentencing with instructions to the trial court to reinstate Wright’s three original concurrent twenty-year prison terms.
REVERSED and REMANDED for consistent proceedings.
MINER, WEBSTER and LAWRENCE, JJ„ CONCUR.

. The State elected not to file a brief.