765 So.2d 244 (2000)
William G. KUNKEL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-1320.
District Court of Appeal of Florida, First District.
August 9, 2000.
Appellant William G. Kunkel, pro se, Starke.
*245 Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
KAHN, J.
William G. Kunkel appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We reverse because the law entitles Kunkel to a non-guideline (and, therefore, parole eligible) sentence.
In September 1984, Kunkel received an upward departure sentence after he entered a plea of no contest to an armed robbery which occurred in March 1984. In July 1999, Kunkel filed a Rule 3.800 motion in which he asserted that his sentence was illegal given the Florida Supreme Court's decision in Smith v. State, 537 So.2d 982 (Fla.1989). Kunkel asserted that the guidelines declared invalid in Smith were applied to him at his sentencing "without his having any choice." Kunkel further asserted that his current sentence (of life in prison) does not allow for parole, but he would be eligible for parole under the pre-guidelines law. Kunkel therefore asserted that he was entitled to be resentenced under the law in effect at the time of his offense.
The trial court denied Kunkel's motion, finding that Kunkel was not sentenced under the guidelines declared invalid in Smith. Because Kunkel received an upward departure, equivalent to the maximum sentence authorized by statute, the trial court reasoned that "Defendant was not sentenced under the invalid guidelines."
As Kunkel asserted in his motion and as recognized by the trial court in Smith v. State, 537 So.2d 982, 987-88 (Fla.1989), the Florida Supreme Court held the sentencing guidelines unconstitutional for offenses committed before July 1, 1984. Thus, before July 1, 1984, "a court was without legal authority to sentence under the guidelines." Fowler v. State, 641 So.2d 941, 942 (Fla. 5th DCA 1994); see Ospina v. State, 579 So.2d 810, 811 (Fla. 5th DCA 1991) ("A challenge to an illegal sentence may be brought at any time and a sentence that is entered pursuant to guidelines which had not been constitutionally enacted is an illegal sentence."). See also State v. Mancino, 714 So.2d 429, 433 (Fla. 1998) ("A sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal.").
In this case, Kunkel committed his crime before July 1, 1984. The record indicates that, at Kunkel's sentencing, all parties assumed the guidelines applied and the trial court upwardly departed from the guidelines. Although Kunkel received a departure sentence, Smith still applies in his case. See Bynum v. State, 574 So.2d 1192, 1193 (Fla. 3d DCA 1991) ("As we interpret Smith, it is immaterial whether defendant received a sentence within the recommended range, or a departure sentence.").
As Kunkel also asserted in his motion, he was not given the opportunity to elect to be sentenced under the pre-sentencing guidelines law, pursuant to which he would be eligible for parole. See Smith, 537 So.2d at 987; see also Braggs v. State, 642 So.2d 129, 131 (Fla. 3d DCA 1994) (reversing denial of 3.800(a) motion in which defendant argued "he was entitled to be sentenced under guidelines effectively selected by him, or alternatively to be sentenced under the pre-guidelines sentencing law under which he would be eligible for parole"); Fowler, 641 So.2d at 942 (reversing denial of 3.800(a) motion in which defendant claimed his original sentence was illegal because he was not permitted to "affirmatively select" to be sentenced under the guidelines). Because Kunkel's offense was committed prior to July 1, 1984, pursuant to Smith, he is entitled to be resentenced either under the pre-guidelines law or, if he now affirmatively elects, under the current guidelines. See Smith, 537 So.2d at 987-88; Braggs, 642 So.2d at 131; Fowler, 641 So.2d at 942. We note that this court recently decided a case in which it indicated *246 that a defendant's departure sentences, imposed even though the guidelines were not applicable to his offenses, "were valid because the trial court at that time had discretion to impose any sentence within the statutory maximum...." Wright v. State, 743 So.2d 1138, 1140 (Fla. 1st DCA 1999). The Wright rationale does not apply to this case, however, because Wright involved a double jeopardy challenge under "unique circumstances." See Wright, 743 So.2d at 1139-40.
REVERSED and REMANDED.
ERVIN and MINER, JJ., concur.