820 So.2d 1080 (2002)
Larry J. SHEELY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1448.
District Court of Appeal of Florida, Second District.
July 17, 2002.
STRINGER, Judge.
Larry Sheely appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Relying on Smith v. State, 537 So.2d 982 (Fla.1989), Sheely contends that his sentence is illegal because the sentencing guidelines had not been constitutionally created on the date of the commission of his criminal offenses. We reverse because Smith entitles Sheely to be sentenced to a preguidelines sentence with possible parole eligibility unless he affirmatively elects to be sentenced under the guidelines in effect at the time of his election. Sheely, in his motion, also alleges a scoresheet error. This claim is made moot by the required resentencing.
*1081 On October 15, 1984, Sheely entered guilty pleas on seven charges. All of the offenses were committed in April 1984. The trial court imposed concurrent forty-year prison sentences on all charges except for one, for which a concurrent fifteen-year prison sentence was imposed. Sheely did not appeal the judgment and sentences.
In Smith, the Florida Supreme Court held that the sentencing guidelines are unconstitutional in regard to criminal offenses committed before July 1, 1984, and, for such an offense, can only be utilized upon an affirmative election by the defendant to be sentenced under the guidelines in effect on the date of sentencing. Smith, 537 So.2d at 987. Sheely's criminal offenses were committed in April 1984. Therefore, he could not be sentenced under the sentencing guidelines unless he made an affirmative election to be sentenced under the guidelines. Sheely alleges that he did not affirmatively elect to be sentenced under the guidelines, and the record does not show otherwise.
A sentence that is entered pursuant to guidelines which have not been constitutionally enacted is an illegal sentence and is subject to correction pursuant to rule 3.800(a). Boland v. State, 571 So.2d 518, 519 (Fla. 2d DCA 1990). Accordingly, we reverse the denial of Sheely's motion and remand for resentencing. On remand, the trial court should impose a preguidelines sentence with possible parole eligibility unless Sheely affirmatively elects to be sentenced under the guidelines in effect at the time of his election.
Reversed and remanded.
FULMER and COVINGTON, JJ., Concur.