838 So.2d 1253 (2003)
Vincent R. QUEVADO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3938.
District Court of Appeal of Florida, Second District.
March 12, 2003.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Vincent Quevado protests the sentence he received for a probation violation after he successfully challenged his original sentence in a motion for postconviction relief. We agree with Quevado that the sentence imposed in March 2001 is incorrect, and we reverse it.
Quevado was charged with a homicide that took place in July 1983. In April 1984, he pleaded guilty to manslaughter and was placed on seven years' probation. A guidelines scoresheet was prepared at that time, and Quevado claims he received a guidelines sentence. (If so, it was a downward departure.)
Quevado violated his probation in December 1984. He was not apprehended until 1999, at which time he admitted the *1254 violation. In June 1999, the circuit court sentenced him to a nonguidelines sentence of fifteen years' imprisonment. Afterward, Quevado filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, alleging his counsel was ineffective for not advising him he could be sentenced under the guidelines.
At the March 2001 hearing on Quevado's rule 3.850 motion, defense counsel and the prosecutor discussed the "1984 guidelines," and focused on whether the court could apply a one cell bump for Quevado's probation violation. Such a bump would result in a permissive sentencing range with an upward limit of seventeen years' imprisonment. Concluding the bump was appropriate, the court again imposed fifteen years' imprisonment, this time as a guidelines sentence. That sentence is the subject of this appeal.
We must reverse the sentence imposed under the 1984 guidelines because they cannot be applied to a crime committed before their enactment. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Quevado's crime was committed in 1983. But the 1983 guidelines cannot be used to sentence him because they were declared unconstitutional. Smith v. State, 537 So.2d 982 (Fla.1989) (holding the guidelines unconstitutional for offenses committed before July 1, 1984). Quevado should have been given the option (1) to receive a nonguidelines sentence, under which he would be eligible for parole; or (2) to be sentenced under the guidelines in effect in 1999 when he was sentenced for his probation violation. See Kunkel v. State, 765 So.2d 244 (Fla. 1st DCA 2000). We understand that the circuit court did not offer this option because it was misled by all involved to believe that the constitutional 1984 guidelines applied.
Quevado's rule 3.850 motion asked that he be sentenced under the guidelines, but he was under the misapprehension that the 1983 guidelines would be used. Because of the confusion in this case, and in the interests of justice, we remand with instructions to give Quevado the option under Kunkel to elect either a nonguidelines sentence or one under the 1998 Criminal Punishment Code, the guidelines in effect at the time of his sentencing on the probation violation.
Reversed and remanded.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, concur.