846 So.2d 657 (2003)
Lawrence LOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3151.
District Court of Appeal of Florida, Second District.
May 30, 2003.
James Marion Moorman, Public Defender, Bartow, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Lawrence Logan challenges five concurrent life sentences he received upon resentencing. We affirm.
In 1984, following a jury trial, Logan was convicted of five counts of robbery *658 with a firearm. Pursuant to the guidelines enacted by the Florida Supreme Court in 1983, the trial court sentenced Logan to five concurrent life sentences as departure sentences.
In 1999, Logan moved to correct the illegal sentences, alleging that the guidelines did not apply to crimes committed prior to July 1, 1984. See Smith v. State, 537 So.2d 982 (Fla.1989) (holding the guidelines unconstitutional for offenses committed before July 1, 1984). Since Logan committed the offenses on March 17, 1984, the State conceded error. At resentencing in May 2001, Logan asserted his right, pursuant to Smith, to be sentenced under the guidelines. In so doing, Logan erroneously concluded that he was entitled to be sentenced under the guidelines applicable as of the date of his original sentencing. Under those guidelines, the trial court was required to file appropriate written reasons for departure sentences. At resentencing, the trial court again sentenced Logan to five concurrent life sentences but did not file the required reasons. Logan now argues that the trial court's failure rendered the sentences illegal.
A defendant who elects to be sentenced under the guidelines, elects to be sentenced under the guidelines in effect at the time of the election. Smith, 537 So.2d at 987. Because Logan made his election in 2001, he elected to be sentenced pursuant to the Criminal Punishment Code. See Quevado v. State, 838 So.2d 1253, 1254 (Fla. 2d DCA 2003) (holding that defendant sentenced in 1999 had right to choose "either a nonguidelines sentence or one under the 1998 Criminal Punishment Code").
Pursuant to the Criminal Punishment Code, the five concurrent life sentences received here by Logan were not departure sentences. Accordingly, the trial court was not required to file written departure reasons. See § 812.13(2)(a), Fla. Stat. (2001). Therefore, we affirm Logan's sentences.
Affirmed.
WHATLEY and CASANUEVA, JJ., concur.