870 So.2d 956 (2004)
Horace Leroy MADDOX, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5087.
District Court of Appeal of Florida, First District.
April 26, 2004.
Appellant, pro se.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his postconviction *957 motion filed pursuant to Florida Rule of Criminal Procedure 3.800. Because the trial court failed to attach portions of the record that demonstrate the appellant's motion was successive, we reverse.
The motion filed by the appellant is facially sufficient to warrant consideration on the merits. The appellant alleges that the trial court failed to provide sufficient reasons to retain jurisdiction over the first one-third of his sentence as required by Hampton v. State, 764 So.2d 829, 830 (Fla. 1st DCA 2000) (acknowledging standard that trial courts must meet for retention of jurisdiction to be valid). The trial court summarily denied the appellant's motion, finding that it was successive in that the appellant had presented this argument in a prior rule 3.800 motion. The attachments, however, provided by the trial court only demonstrate that the appellant had acknowledged that the trial court had retained jurisdiction over the first one-third of his sentence and did not demonstrate that the appellant had presented the instant argument that such retention was invalid for lack of sufficient reasons. Therefore denial as successive was improper. See Fuston v. State, 764 So.2d 779, 779-80 (Fla. 2d DCA 2000) (holding that a motion that does not deal with the "specific issue" raised in a previous motion is not successive). Accordingly, we reverse the lower court's summary denial of the appellant's motion and remand to the trial court to address the appellant's claim on the merits or provide record attachments that demonstrate the successiveness of the appellant's claim.
REVERSED AND REMANDED.
BARFIELD, DAVIS and BENTON, JJ., concur.