PER CURIAM.
This is a direct appeal from Appellant’s resentencing and the trial court’s denial of Appellant’s motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Appellant’s sentence is illegal and the procedural bar would result in a manifest injustice, we reverse the trial court’s denial and remand for resentencing.
Appellant was charged with two counts of armed robbery occurring on December 15, 1983, and with three counts of armed robbery occurring on January 12, 1984. Appellant was convicted of all five counts by a jury. Under the sentencing guidelines, Appellant’s sentencing range was 22 to 27 years’ imprisonment. The trial court qualified Appellant as an habitual felony offender and imposed five consecutive life sentences. The only reason provided by the trial court for the upward departure sentence was that Appellant was an habitual felony offender. Appellant filed several motions seeking relief from his sentence. In the motion on appeal, Appellant alleged that his sentence was an illegal departure sentence and that he was sentenced pursuant to invalid guidelines. The trial court denied the motion as procedurally barred.
Appellant is correct in his assertion that his sentence is illegal. In Whitehead v. State, 498 So.2d 863 (Fla.1986), the supreme court held that a defendant’s classification as an habitual felony offender is not a valid reason for departure from the sentencing guidelines. Because Appellant’s direct appeal was pending when Whitehead was decided, he is entitled to application of this decision. Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). Additionally, because Appellant was sentenced under invalid sentencing guidelines, his sentence is illegal. In Smith v. State, 537 So.2d 982 (Fla.1989), the supreme court declared that the guidelines did not become effective until they were adopted by the Legislature on July 1, 1984. Appellant committed all of his crimes before this date, therefore, the trial court was without legal authority to sentence Appellant under the guidelines.
Due to his illegal sentence, Appellant is entitled to be resentenced either under the pre-guidelines law or, if he affirmatively elects, under the current guidelines. Kunkel v. State, 765 So.2d 244, 245 (Fla. 1st DCA 2000). If Appellant elects to be sentenced under pre-guidelines law, he will be eligible for parole. Id.; Braggs v. State, 642 So.2d 129, 131 (Fla. 3d DCA 1994). If Appellant elects to be sentenced under the current guidelines, he will be sentenced pursuant to the Criminal Punishment Code. Logan v. State, 846 So.2d 657, 658 (Fla. 2d DCA 2003); Quevado v. State, 838 So.2d 1253, 1254 (Fla. 2d DCA 2003).
The trial court properly determined that Appellant had previously raised these claims in prior motions and that he was collaterally estopped from raising them in the motion on appeal. Despite this procedural bar, however, Appellant is entitled to relief. Because Appellant has an opportunity to be eligible for parole upon resen-tencing, the application of the procedural bar in this case would result in a manifest injustice. See State v. McBride, 848 So.2d 287, 291-292 (Fla.2003).
We, therefore, reverse the trial court’s denial of Appellant’s motion and remand *998 for resentencing under pre-guidelines law or under the Criminal Punishment Code.
REVERSED and REMANDED.
BOOTH, BARFIELD and BENTON, JJ., concur.