921 So.2d 556 (2005)
Lawrence LOGAN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-1155.
Supreme Court of Florida.
October 20, 2005.
As Revised on Denial of Rehearing February 9, 2006.
James Marion Moorman, Public Defender and Carol J.Y. Wilson, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, Florida, Robert J. Krauss, Bureau Chief, Tampa Criminal Appeals and Dale E. Tarpley, Assistant Attorney General, Tampa, FL, for Respondent.
BELL, J.
We have for review Logan v. State, 846 So.2d 657 (Fla. 2d DCA 2003), which expressly and directly conflicts with our decision in Smith v. State, 537 So.2d 982 (Fla. 1989).[1] In December 1984, Logan was sentenced for offenses he committed on March 17, 1984. That sentence was later set aside, and Logan was resentenced on *557 May 8, 2001. At this 2001 resentencing hearing, Logan elected to be sentenced "under the guidelines." The question before us is which sentencing provision applies to this election: section 921.001(4)(b)(1), Florida Statutes (2001), also known as the 1983 guidelines, or section 921.002, Florida Statutes (2001), also known as the Criminal Punishment Code ("CPC").
The Second District Court of Appeal held that Logan's election in 2001 was an election to be resentenced according to the CPC. However, Logan argues that, like the appellant in Smith, his election was to be sentenced according to section 921.001(4)(b)(1), Florida Statutes (2001), the 1983 guidelines. Logan is correct.[2] Consistent with our holding in Smith and a fair reading of both sections 921.001(4)(b)(1) and 921.002, we hold that Logan elected and is entitled to be sentenced under section 921.001(4)(b)(1), Florida Statutes (2001), the 1983 guidelines.

FACTS AND PROCEDURAL HISTORY
Logan was charged by information with six counts of armed robbery with a firearm. The offenses occurred on March 17, 1984. Logan was tried on November 6-9, 1984, and was convicted on five counts. A sentencing hearing was held on December 11, 1984. The trial court applied but departed from the 1983 guidelines and sentenced Logan to five concurrent sentences of life in prison. Written, supplemental grounds for departure were filed on December 19, 1984.
On October 18, 1999, Logan filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Relying on Smith, which was decided in January 1989, Logan argued that his sentence should be vacated and his case remanded for resentencing where he would have the express option to choose between a nonguidelines sentence or affirmatively elect to be sentenced in accordance with the guidelines in effect at the time of resentencing. The State agreed. On May 2, 2000, the trial court entered an order granting Logan's motion.
Logan's resentencing occurred on May 8, 2001. Logan elected to be sentenced "under the guidelines."[3] The trial court accepted this election and, as in 1984, imposed a departure sentence. Logan was sentenced to concurrent life sentences for each of the five counts of armed robbery with a firearm. However, though the court orally stated its reasons for the departure sentence, it failed to file the requisite written reasons for departure.
Logan appealed this new sentence to the Second District Court of Appeal. He argued that this new sentence was illegal because no written reasons for departure were filed as required by the 1983 guidelines. For the first time, the State took the position that Logan's election to be sentenced "under the guidelines" was an election to be resentenced under the CPC. Under the CPC, life sentences on Logan's *558 offenses are not departure sentences; therefore, there is no need to file written reasons for departure. In reply, Logan reiterated that his election was to be sentenced under the 1983 guidelinesnot the CPC. Alternatively, he argued that to apply the CPC to his offenses would violate the ex post facto clauses of the constitutions of the United States and the State of Florida.
Agreeing with the State, the Second District affirmed Logan's resentencing, stating:
A defendant who elects to be sentenced under the guidelines, elects to be sentenced under the guidelines in effect at the time of the election. Smith [v. State, 537 So.2d 982, 987 (Fla.1989)]. Because Logan made his election in 2001, he elected to be sentenced pursuant to the Criminal Punishment Code. See Quevado v. State, 838 So.2d 1253, 1254 (Fla. 2d DCA 2003) (holding that defendant sentenced in 1999 had right to choose "either a nonguidelines sentence or one under the 1998 Criminal Punishment Code").
Pursuant to the Criminal Punishment Code, the five concurrent life sentences received here by Logan were not departure sentences. Accordingly, the trial court was not required to file written departure reasons. See § 812.13(2)(a), Fla. Stat. (2001). Therefore, we affirm Logan's sentences.
Logan v. State, 846 So.2d 657, 658 (Fla. 2d DCA 2003). The Second District did not address the ex post facto claim.

ANALYSIS
The Second District's reliance upon Smith to reach its conclusion that Logan's election to be sentenced under the guidelines was an election to be sentenced under the CPC is incorrect. According to Smith, Logan had the right to elect a sentence under the appropriate provision of section 921.001, Florida Statutes (2001). The appropriate provision, in this case, is section 921.001(4)(b)(1) because Logan committed his crimes during the time period specified in this provision. Therefore, Logan's election entitled him to a sentence under section 921.001(4)(b)(1).
Logan is entitled to have his sentence determined by the provisions in section 921.001 because he is in the same "unique posture" as the defendant in Smith. In Smith, this Court's primary holding was that the 1983 sentencing guidelines (which had been promulgated by this Court as procedural rules on September 8, 1983) were invalid; however, the Court also held that the Legislature rectified this invalidity when it adopted the same rules by statute effective July 1, 1984. The Court then addressed the impact of its holding on Smith. It held that, section 921.001(4)(a), gave Smith the right to elect to be sentenced under the 1983 guidelines when he was resentenced in 1988.
Smith's position was remarkably similar to Logan's. Smith committed his offenses and received his departure sentence before July 1, 1984, the effective date of the 1983 guidelines. The departure sentence was overturned on appeal. Smith was resentenced on June 23, 1988, at which time the trial court held the sentencing guidelines statute unconstitutional and sentenced Smith to a nonguidelines sentence.
This Court recognized that Smith was in a "unique posture" because his crime was committed before the effective date of the guidelines, but his re-sentencing occurred afterwards. 537 So.2d at 987. It also recognized that the right to elect a sentence was a right granted by the Legislature. Specifically, section 921.001(4)(a) provided:
The guidelines shall be applied to all felonies, except capital felonies, committed *559 on or after October 1, 1983, and to all felonies, except capital and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
§ 921.001(4)(a), Fla. Stat. (1983). Relying upon this statutory right to affirmatively select a guidelines sentence, the Court then held:
Under section 921.001(4)(a), a person whose crime was committed before the effective date of the guidelines but sentenced thereafter may affirmatively select to be sentenced under the guidelines. When appellant appeared for resentencing in 1988, his effort to be sentenced under the guidelines constituted the affirmative selection contemplated by section 921.001(4)(a). Therefore, appellant should have been sentenced under the guidelines which were effective on that date.
Smith, 537 So.2d at 987. Therefore, after Smith, defendants who are in this "unique posture" are authorized to elect a guidelines sentence. This election requires the trial court to look to the express language of section 921.001, Florida Statutes, to determine which sentencing guidelines apply.
In Logan's case, we find that Logan was authorized to elect a guidelines sentence and that the 1983 guidelines apply to his case. Similar to Smith, Logan's crimes were committed prior to July 1, 1984. His original sentence was vacated on appeal, and he appeared for resentencing after July 1, 1984. At his May 8, 2001, resentencing, Logan affirmatively elected to be sentenced under the guidelines. The sentencing provisions which were effective on that date expressly provided that section 921.004(b)(1), Florida Statutes (2001), the current codified version of the 1983 guidelines applied to Logan's offenses. Specifically, section 921.001(4)(b)(1), Florida Statutes (2001) (formerly section 921.001(4)(a)), provided:
The guidelines enacted effective October 1, 1983, apply to all felonies, except capital felonies, committed on or after October 1, 1983, and before January 1, 1994; and to all felonies, except capital felonies and life felonies, committed before October 1, 1983, when the defendant affirmatively selects to be sentenced pursuant to such provisions.
Pursuant to this express language of section 921.001(4)(b)(1) and consistent with Smith, this affirmative election entitled Logan to be sentenced under the 1983 guidelines.[4]
Moreover, the express language of the CPC, section 921.002, confirms this. The CPC expressly states that "[t]he Criminal Punishment Code shall apply to all felony offenses, except capital felonies, committed on or after October 1, 1998." § 921.002, Fla. Stat. (2001) (emphasis added). Logan's offenses were not committed on or after October 1, 1998. His offenses *560 were committed in 1984. Therefore, by its express terms, the CPC does not apply to Logan's offenses.

CONCLUSION
For the reasons expressed above, we hold that section 921.001(4)(b)(1) applies to Logan's offenses, and his affirmative election at resentencing was an election to be resentenced under the 1983 guidelines. We quash the decision of the Second District Court of Appeal and remand to the district court for proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, and CANTERO, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
[2] We decline to address other claims raised by Logan. See Kelly v. Community Hosp. of Palm Beaches, 818 So.2d 469, 470 n. 1 (Fla. 2002) (declining to address issues raised that were beyond the scope of this Court's conflict jurisdiction).
[3] The following colloquy occurred:

Q. Mr. Logan, we are here for your resentencing this morning. And, of course, you have had an opportunity to talk to Mr. Rinella [defense counsel] and you have heard the arguments that were made. But I do need to have you actually make the official decision on whether you want to elect to go under the guidelines or do you want a nonguidelines sentence.
A. I would like to go under the guidelines, Your Honor.
[4] The only potentially significant factual distinction between Smith and Logan is that the right to elect in section 921.001(4)(b)(1) is expressly granted to defendants whose crimes were committed before October 1, 1983. Smith's offense was committed prior to this date; Logan's crime was committed after this date. But, if section 921.001(4)(b)(1) applies to Logan's offenses, he cannot be denied the right to elect to be sentenced under the 1983 guidelines. As a consequence of the primary holding in Smith and consistent with a fair reading of the statute, the pertinent cut-off date for purposes of the right to elect under section 921.001(4)(b)(1) is July 1, 1984. Logan's offenses were committed prior to July 1, 1984, so he is entitled to be resentenced under the 1983 guidelines if he so elects. See Kunkel v. State, 765 So.2d 244, 245 (Fla. 1st DCA 2000); Gibbons v. State, 543 So.2d 860, 862 (Fla. 2d DCA 1989).