946 So.2d 1078 (2006)
John E. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-2046.
District Court of Appeal of Florida, First District.
October 20, 2006.
John E. Smith, pro se, Appellant.
Charlie Crist, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant's sentence is illegal and the procedural bar would result in manifest injustice, we reverse the trial court's denial and remand for resentencing.
The appellant was charged with two counts of armed robbery on January 16, 1984. The appellant was convicted of both counts by a jury. The trial court sentenced the appellant under the 1984 guidelines to two concurrent life sentences. The appellant filed several motions seeking relief from his sentence. In the motion on appeal, the appellant alleged that his sentence is illegal because he was sentenced pursuant to invalid guidelines. The trial court denied his motion as procedurally barred.
The appellant is correct in his assertion that his sentence is illegal. In Smith v. State, 537 So.2d 982 (Fla.1989), the supreme court declared that the guidelines did not become effective until they were adopted by the Legislature on July 1, 1984. In Smith, the supreme court also declared that any person sentenced for a crime committed prior to the effective date must affirmatively elect to be sentenced under the guidelines. Id. at 987. The appellant committed both of his crimes before this date and did not affirmatively elect to be sentenced under the guidelines; therefore, the trial court "was without legal authority to sentence the appellant under the guidelines." Fowler v. State, 641 So.2d 941, 942 (Fla. 5th DCA 1994); see *1079 also Kunkel v. State, 765 So.2d 244 (Fla. 1st DCA 2000) (reversing the denial of a rule 3.800(a) motion in which the defendant claimed that his sentence was illegal because "he was not given the opportunity to elect to be sentenced under the presentencing guidelines law, pursuant to which he would be eligible for parole").
The trial court determined that the appellant had previously raised this claim in a prior motion and that he was collaterally estopped from raising it in the motion on appeal. Despite this procedural bar, however, the appellant is entitled to relief. Because the appellant has an opportunity to be eligible for parole upon resentencing, the application of the procedural bar in this case would result in manifest injustice. See State v. McBride, 848 So.2d 287, 291-292 (Fla.2003); see also Johnson v. State, 902 So.2d 276 (Fla. 1st DCA 2005).
We, therefore, reverse the trial court's denial of the appellant's motion and remand for resentencing under the preguidelines law.
REVERSED and REMANDED.
BROWNING, C.J., DAVIS and LEWIS, JJ., concur.