941 So.2d 538 (2006)
Jonathan WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3676.
District Court of Appeal of Florida, First District.
November 15, 2006.
Jonathan Wright, pro se, Appellant.
*539 Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant's allegation that his sentence is illegal where he did not affirmatively elect to be sentenced under the 1984 guidelines is facially sufficient, we reverse.
On January 10, 1985, the appellant was sentenced for two counts of attempted second-degree murder, four counts of armed robbery, and three counts of attempted armed robbery that he committed on January 6, 1984. Wright v. State, 487 So.2d 1176, 1177 (Fla. 1st DCA 1986). In determining the appellant's sentence, the trial court applied the sentencing guidelines adopted by the Florida Supreme Court on October 1, 1983, and enacted by the legislature on July 1, 1984. The appellant's sentencing guidelines scoresheet indicated a recommended sentencing range of 17 to 22 years. Id. at 1177. The trial court, however, provided eight reasons for departing from the guidelines and sentenced the appellant to forty years' imprisonment for each armed robbery count, thirty years' imprisonment for each attempted second-degree murder count, and fifteen years' imprisonment for each armed robbery count. Id. On direct appeal, the appellant challenged the validity of the trial court's reasons for departure as well as the application of the 1984 guidelines to his sentence because his offenses were committed before the guidelines were adopted by the legislature. Id. This court held that the application of the 1984 guidelines was proper and upheld the trial court's reasons for imposing a departure sentence. Id.
The appellant filed the instant rule 3.800(a) motion alleging his sentence is illegal because he did not affirmatively elect to be sentenced under the 1984 guidelines where his offenses occurred prior to July 1, 1984. The trial court denied his motion as successive without record attachments, and this timely appeal followed.
In 1989, the Florida Supreme Court held that the 1984 sentencing guidelines were unconstitutional before the legislature adopted them on July 1, 1984. Smith v. State, 537 So.2d 982, 987 (Fla. 1989). As a result, a person sentenced after the effective date of the guidelines for an offense committed before the effective date has the option of electing sentencing under the current guidelines or the pre-guidelines law. Id.; Kunkel v. State, 765 So.2d 244 (Fla. 1st DCA 2000). In Kunkel, this court held that an appellant who had received a departure sentence under the 1984 guidelines before July 1, 1984, was entitled to relief under Smith. Id. at 245. Although the term of the departure sentence was within the statutory maximum existing before the 1984 guidelines, the appellant "was not given the opportunity to elect to be sentenced under the pre-sentencing guidelines law, pursuant to which he would be eligible for parole." Id. Under Kunkel, the appellant has stated a facially valid claim for relief. Nothing in the record on appeal suggests that this court has decided the issue of whether the appellant should have been given the option of affirmatively electing sentencing under the 1984 guidelines. See Thomas v. State, 707 So.2d 1189 (Fla. 1st DCA 1998).
The appellant's first direct appeal occurred in 1985, four years before Smith was decided. Wright, 487 So.2d at 1176. In that case, this court affirmed the appellant's sentence finding that the 1984 guidelines were procedural in nature and not *540 subject to ex post facto restrictions. Id. at 1177. However, the court did determine that victim injury points were improperly calculated on the appellant's scoresheet and remanded for correction of the scoresheet. Id. Upon remand, the trial court corrected the appellant's scoresheet but left the original departure sentence in place. The sentence was affirmed without opinion on the appellant's second appeal. Wright v. State, 503 So.2d 897 (Fla. 1st DCA 1987). Because each of these appeals occurred before Smith was decided, neither could properly be said to have resolved the specific issue the appellant raised in the instant motion.
Because the appellant's motion raises a facially sufficient claim that is not refuted by the record, we reverse and remand for attachment of record portions showing that the appellant's claim has been addressed on the merits, attachment of record portions showing that the appellant affirmatively elected to be sentenced under the 1984, or resentencing.
REVERSED and REMANDED with directions.
BROWNING, C.J., WOLF and KAHN, JJ. concur.