PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800. Because the trial court failed to attach portions of the record that demonstrate the appellant’s motion was successive, we reverse.
In his motion for postconviction relief, the appellant alleges that the trial court failed to orally pronounce him a habitual felony offender as required by Ashley v. State, 850 So.2d 1265 (Fla.2003). The trial court summarily denied the appellant’s motion finding that it was successive because the appellant had raised this claim in a prior rule 3.800 motion. However, the trial court provided no record attachments to support its finding. Therefore, we reverse the lower court’s summary denial of the appellant’s motion and remand to the trial court to address the appellant’s claim on the merits or provide record attachments that demonstrate the successiveness *1142 of the appellant’s claim. See Maddox v. State, 870 So.2d 956 (Fla. 1st DCA 2004).
REVERSED AND REMANDED.
BARFIELD, BENTON, and POLSTON, JJ., concur.