PER CURIAM.
Willie Frank Davis appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Davis was sentenced in 1985 for offenses committed on June 4, 1984. Davis was sentenced under the 1984 guidelines. Davis, however, committed his offenses before the effective date of the 1984 guidelines. See Smith v. State, 537 So.2d 982 (Fla.1989) (holding that guidelines did not become effective until adopted by the legislature on July 1, 1984 and those who committed their offenses before the effective date must affirmatively elect to be sentenced under the guidelines). Thus, if Davis did not affirmatively elect to be sentenced under the guidelines, his life sentences under those guidelines, which are not parole eligible, are illegal. Davis contends that the record will conclusively show that he did not affirmatively elect to be sentenced under the guidelines.
The trial court failed to address numerous cases, many of which were specifically cited by Davis in his motion, which hold that this error constitutes an illegal sentence that may be corrected in a rule 3.800(a) motion. See Owen v. State, 864 So.2d 557 (Fla. 4th DCA 2004); Smith v. State, 946 So.2d 1078 (Fla. 1st DCA 2006) (finding sentence illegal and, even though claim had been previously raised and rejected, application of a procedural bar
*351 would result in a manifest injustice (as defendant would be entitled to parole if a pre-guidelines sentence was imposed)); Wright v. State, 941 So.2d 538 (Fla. 1st DCA 2006) (reversing and remanding in the same situation for attachment of records showing defendant agreed to be sentenced under the guidelines or for resentencing); Sheely v. State, 820 So.2d 1080, 1081 (Fla. 2d DCA 2002) (reversing the denial of a 3.800(a) motion in the same situation and holding: “A sentence that is entered pursuant to guidelines which have not been constitutionally enacted is an illegal sentence and is subject to correction pursuant to rule 3.800(a)”).
We reverse and remand for further proceedings. If the trial court again denies the motion, it must attach record evidence which conclusively shows that Davis affirmatively elected to be sentenced under the guidelines. If Davis did not elect to be sentenced under the guidelines, then he must be resentenced pursuant to Smith v. State, 537 So.2d 982 (Fla.1989). We affirm the trial court’s denial of Davis’s claim of scoresheet error.
FARMER, KLEIN and TAYLOR, JJ., concur.