KELLY, Judge.
Lawrence Logan, who was convicted of five counts of armed robbery with a firearm, appeals his guidelines departure sentences of five concurrent life terms. Because the trial court was required to impose a sentence within the guidelines, we reverse.
Logan’s offenses occurred in March 1984. In December of that same year, Logan was sentenced under the 1988 guidelines to five concurrent life sentences. The sentences were an upward departure from the recommended guidelines range of twelve to seventeen years. The trial court provided written reasons supporting the departure, and Logan’s sentences were affirmed on appeal. See Logan v. State, 492 So.2d 372 (Fla. 2d DCA 1986) (table decision).
In 1999, Logan filed a motion under Florida Rule of Criminal Procedure 3.800(a), alleging that his sentences were illegal under Smith v. State, 537 So.2d 982, 987 (Fla.1989), which held that the guidelines were unconstitutional for offenses committed before July 1, 1984. The State agreed that Logan’s sentences should be vacated and that he was entitled to be resentenced. At Logan’s resentencing hearing in May 2001, Logan elected to be sentenced under the guidelines. The trial court again departed from the 1983 guidelines and sentenced Logan to five concurrent life sentences; however, the court never filed the requisite written reasons for departure. Logan appealed to this *566 court arguing that his sentences were illegal because the trial court did not file written reasons for departure as required by the 1983 guidelines. In affirming Logan’s sentences, this court concluded that Logan’s election to be sentenced under the guidelines was an election to be sentenced under the Criminal Punishment Code and, therefore, written reasons were not required and the sentences were lawful. See Logan v. State, 846 So.2d 657, 658 (Fla. 2d DCA 2003).
Logan sought further review, and in Logan v. State, 921 So.2d 556, 559 (Fla.2006), the supreme court quashed this court’s decision and held that Logan’s election at the 2001 resentencing hearing entitled him to be sentenced under the 1983 sentencing guidelines, not the Criminal Punishment Code. On remand from the supreme court, this court adopted the supreme court’s opinion and remanded to the trial court for further proceedings. Upon remand, the trial court again sentenced Logan to five concurrent life sentences; however, this time the court filed the requisite written reasons for the departure.
In this appeal, Logan contends and the State concedes that the trial court erred when it imposed departure sentences on remand. We agree. “[W]hen an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resen-tencing with no possibility of departure from the guidelines.” Pope v. State, 561 So.2d 554, 556 (Fla.1990); see also Adams v. State, 695 So.2d 860, 860 (Fla. 2d DCA 1997). The trial court’s failure to provide contemporaneous written reasons for departure in 2001 precluded the trial court from imposing departure sentences on remand. Accordingly, we again reverse Logan’s departure sentences and remand for resentencing within the applicable guidelines range of twelve to seventeen years.
Reversed and remanded for proceedings consistent with this opinion.
ALTENBERND, J., and CANADY, CHARLES T., Associate Judge, Concur.