PER CURIAM.
Jonathan Wright appeals the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging an entitlement to additional jail and prison credit. For the reason discussed below, we reverse and remand.
In 1985, Appellant was convicted of numerous crimes and sentenced to consecutive terms of 150 years’ imprisonment. In 2007, he was resentenced in response to a motion to correct illegal sentence. See Wright v. State, 941 So.2d 538 (Fla. 1st DCA 2006). He filed the instant motion for postconvietion relief in July 2013, alleging an entitlement to additional credit for time spent in the Duval County Jail and for time spent in prison prior to being resen-tenced.
The trial court denied the motion on the ground that Appellant has unsuccessfully raised the issues numerous times. See Fla. R. Crim. P. 3.801(d) (“No successive motions for jail credit will be considered.”); State v. McBride, 848 So.2d 287, 290 (Fla. 2003) (although there is no ban on filing successive 3.800(a) motions, collateral es-toppel prohibits a defendant from raising the same illegal sentencing claim which has already been raised in a prior postcon-viction motion and decided against him on the merits). However, the trial court failed to attach any documents indicating the issues raised in the motion were previously determined to be meritless. See Fla. R. Crim. P. 3.801(e) (incorporating portions of rule 3.850, including subsection (f)); Fla. R. Crim. P. 3.850(f)(5) (“If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.”); Arnold v. State, 949 So.2d 1141 (Fla. 1st DCA 2007) (reversing denial of rule 3.800(a) motion because trial court failed to attach portions of the record that demonstrate the motion was successive).
In response to this Court’s Toler[1] order, the State properly concedes that we must reverse and remand for the trial court to attach documents proving Appellant’s claims are successive, or to address the claims for prison and jail credit on the merits.[2]
REVERSED and REMANDED.
WETHERELL, RAY, and MAKAR, JJ., concur.

. Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).

. To the extent Appellant seeks county jail credit, his motion should be analyzed under Florida Rule of Criminal Procedure 3.801, which became effective on July 1, 2013, and applies to all claims for county jail credit. That rule states that a motion seeking jail credit must be under oath and include a number of required allegations. To the extent he seeks jail credit, appellant's motion is facially insufficient as it is not under oath and is missing almost every required allegation. If the trial court does not deny the motion as successive or refuted by the record, it should give Appellant an opportunity to amend his claim for jail credit. See Fla, R. Crim. P. 3.850(f)(2).