902 So.2d 276 (2005)
Charles JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2928.
District Court of Appeal of Florida, First District.
May 23, 2005.
*277 Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charles J. Crist, Jr., Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, Attorneys for Appellee.

CORRECTED OPINION ON MOTION FOR CLARIFICATION
PER CURIAM.
Upon consideration of Appellant's motion for rehearing, we withdraw our original opinion and issue the following opinion.
This is a direct appeal from Appellant's resentencing and the trial court's denial of Appellant's motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Appellant's sentence is illegal and the procedural bar would result in a manifest injustice, we reverse the trial court's denial and remand for resentencing.
Appellant was charged with two counts of armed robbery occurring on December 15, 1983, and with three counts of armed robbery occurring on January 12, 1984. Appellant was convicted of all five counts by a jury. Under the sentencing guidelines, Appellant's sentencing range was 22 to 27 years' imprisonment. The trial court qualified Appellant as a habitual felony offender and imposed five consecutive life sentences. The only reason provided by the trial court for the upward departure sentence was that Appellant was a habitual felony offender. Appellant filed several motions seeking relief from his sentence. In the motion on appeal, Appellant alleged that his sentence was an illegal departure sentence and that he was sentenced pursuant to invalid guidelines. The trial court denied the motion as procedurally barred.
Appellant is correct in his assertion that his sentence is illegal. In Whitehead v. State, 498 So.2d 863 (Fla.1986), the supreme court held that a defendant's classification as a habitual felony offender is not a valid reason for departure from the sentencing guidelines. Because Appellant's direct appeal was pending when *278 Whitehead was decided, he is entitled to application of this decision. Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). Additionally, because Appellant was sentenced under invalid sentencing guidelines, his sentence is illegal. In Smith v. State, 537 So.2d 982 (Fla.1989), the supreme court declared that the guidelines did not become effective until they were adopted by the Legislature on July 1, 1984. Appellant committed all of his crimes before this date; therefore, the trial court was without legal authority to sentence Appellant under the guidelines.
Due to his illegal sentence, Appellant is entitled to be resentenced either under the pre-guidelines law or, if he affirmatively elects, under guidelines pursuant to section 921.001(4)(b)1, Florida Statutes (2004). The legislature has determined the applicable guidelines available for election, a condition that did not exist at the time of Smith in 1989.
The trial court properly determined that Appellant had previously raised these claims in prior motions and that he was collaterally estopped from raising them in the motion on appeal. Despite this procedural bar, however, Appellant is entitled to relief. Because Appellant has an opportunity to be eligible for parole upon resentencing, the application of the procedural bar in this case would result in a manifest injustice. See State v. McBride, 848 So.2d 287, 291-292 (Fla.2003).
We, therefore, reverse the trial court's denial of Appellant's motion and remand for resentencing.
REVERSED and REMANDED.
BARFIELD, BENTON, and THOMAS, JJ., concur.