PER CURIAM.
While we ascribe absolutely no improper motive to the trial judge’s actions, we find that the ex parte hearing on the motion seeking leave to communicate with current employees of the corporate petitioners was not authorized under the terms of Canon 3B(7) of the Code of Judicial Conduct, and respondents have failed to identify any other applicable exception to the general rule that a judge shall not permit or consider ex parte communications concerning a pending proceeding. We further conclude that the fact that this ex parte hearing occurred constituted a legally sufficient basis for petitioners’ motion for disqualification. See generally Rose v. State, 601 So.2d 1181 (Fla.1992). Accordingly, the petition for writ of prohibition is granted. On remand, a new judge shall be assigned to hear further proceedings in this matter.
ALLEN, DAVIS, and BROWNING, JJ., concur.