974 So.2d 363 (2008)
Charles JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC07-668.
Supreme Court of Florida.
January 24, 2008.
Bill McCollum, Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
Petitioner Charles Johnson has filed a pro se petition for a writ of mandamus seeking relief from an allegedly illegal sentence. Because Johnson is represented by court-appointed counsel in a pending appeal involving the same conviction and sentence, we dismiss the petition as unauthorized. We also take this opportunity to clarify that the rule we announced in Logan v. State, 846 So.2d 472 (Fla.2003), applies to pro se filings in this Court by litigants represented by counsel in criminal *364 proceedings pending in a district court of appeal.

BACKGROUND
Johnson wants us to compel the district court to enforce its decision in Johnson v. State, 902 So.2d 276 (Fla. 1st DCA 2005). In Johnson, the First District Court of Appeal held that his sentence was an illegal departure sentence and that he was sentenced pursuant to invalid guidelines. 902 So.2d at 277. According to Johnson, after remand of his case to the Second Judicial Circuit in Leon County, the trial court refused to correct the sentence. Another appeal followed, and the Office of the Public Defender for the Second Judicial Circuit was appointed as appellate counsel. While this appeal was pending and while he was represented by counsel, Johnson filed this petition.[1]

ANALYSIS
The rule we announced in Logan is stated as follows:
[W]e will not entertain pro se extraordinary writ petitions from criminal defendants seeking affirmative relief in the context of pending trial court criminal cases, where it is clear from the face of the petitions that the petitioners are represented by counsel in the pending criminal proceedings and the petitioners do not clearly indicate that they are seeking to discharge counsel in those proceedings. If a petition clearly indicates that the petitioner is represented by counsel in the pending criminal proceeding, and the petitioner does not. unequivocally seek to discharge counsel in that proceeding by way of the petition, the petition will be dismissed as unauthorized. In circumstances where it is not clear from the face of the petition whether the petitioner is represented by counsel in the pending criminal proceeding, and he or she does not unequivocally indicate in the petition that he or she is seeking to discharge counsel in that proceeding, the clerk's office will automatically issue an order directing the petitioner to show cause why the petition should not be dismissed as unauthorized. At that point, it will be the petitioner's burden to demonstrate that he or she is either not represented by counsel in the proceeding below, or that he or she is seeking through the petition to discharge counsel in that proceeding. If it is clear from the petitioner's response to the show cause order that he or she is represented by counsel in the proceeding below and is not seeking to discharge counsel in that proceeding, then the petition in this Court will be dismissed as unauthorized.
846 So.2d at 479. This rule was premised upon the grounds that criminal defendants have no right under the Sixth Amendment or under the Florida Constitution to engage in "hybrid representation"  that is, to simultaneously represent themselves and be represented by counsel. Id. at 473.
We now clarify that the rule announced in Logan is not limited to cases where the defendant is represented by trial counsel. The rule applies to any pro *365 se filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings. The Court's current procedure for automatic dismissals pursuant to Logan, as stated in section II(c)(7)(b), Supreme Court Manual of Internal Operating Procedures, will be followed for all such filings. Any papers filed pro se, addressing matters that are related to such ongoing proceedings, whether in the form of a petition, notice, motion, or another form of request for relief, will be deemed unauthorized and subsequently dismissed.
Based upon the foregoing, the instant petition for a writ of mandamus is dismissed as unauthorized.
It is so ordered.
ANSTEAD, J., concurs in part and dissents in part with an opinion, in which LEWIS, C.J., concurs.
ANSTEAD, J., concurring in part and dissenting in part.
While I agree with the substance of the majority opinion extending Logan, I do not agree with the majority's decision to delegate the Court's authority to dismiss to the Clerk of this Court. The members of this Court should determine whether dismissal is appropriate in a particular case.
The decision to dismiss an action is inherently a judicial function, and should be made by judges, not ministerial officers. The issue of whether a litigant in this Court is currently being represented by counsel can arise in a variety of contexts, many of which may require the exercise of this Court's discretion or judgment in determining the status of representation at a given time. The dismissal of an action in this Court or any Florida court is obviously a serious matter, especially in view of Florida's constitutional guarantee of access to the courts. We should not minimize the fundamental importance of this right by vesting authority in a ministerial officer, our Clerk, to make the call on whether access to the Court will be denied.
LEWIS, C.J., concurs.
NOTES
[1] Johnson also filed several pro se pleadings in the district court. One, filed in case number 1D06-877 (the appeal referred to above) was stricken because he was represented by counsel; the other, an extraordinary writ petition filed in case number 1D07-415, was dismissed. After Johnson filed his petition in this Court, the district court affirmed the order at issue in case number 1D06-877. We recognize that because that appeal has now concluded, Johnson may no longer be represented by counsel. We note that dismissal of this petition as unauthorized does not preclude Johnson from seeking review of that decision.