CANADY, C.J.,
dissenting.
I dissent. I would deny review of Morel’s appeal from the denial of his habeas corpus petition challenging the conditions of his confinement. In his habeas petition, Morel alleged that the Department of Children and Families (DCF) refuses to provide sex-offender treatment to individuals who are detained pursuant to the Jimmy Ryce Act but not committed. Morel asserted that due to DCF’s policy of not treating pretrial detainees, he has been unable to receive treatment, which may have enabled him to seek release. Morel also raised several challenges to the ade *1085 quacy of the treatment program offered by DCF to individuals committed pursuant to the Jimmy Ryce Act. There is no impediment to the full adjudication of these claims in the Second District.
I likewise dissent from the majority’s decision to consider Morel’s pro se petition for prohibition regarding his civil commitment proceeding in the Seventeenth Judicial Circuit. Morel is represented by counsel in that proceeding. Accordingly, his pro se filing is unauthorized. See Johnson v. State, 974 So.2d 363, 364-65 (Fla.2008).