PER CURIAM.
The appellant appeals the denial of a motion to reduce or suspend sentence filed pursuant to section 921.186, Florida Statutes (2010). The state moved to dismiss the appeal on the ground that the order is not appealable.[1] We agree and dismiss the case.
Section 921.186, Florida Statutes (2010), reads:
Notwithstanding any other law, the state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of violating any felony offense and who provides substantial assistance in the identification, arrest, or conviction of any of that person’s accomplices, accessories, cocon-spirators, or principals or of any other person engaged in criminal activity that would constitute a felony. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if the judge finds that the defendant rendered such substantial assistance, (emphasis added).
An order on a motion filed pursuant to section 921.186 is similar to an order entered on a motion to reduce sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c), in that the decision to reduce or suspend is addressed to the discretion of the trial court. Orders denying rule 3.800(c) motions are not ap-pealable because the decision to reduce a sentence in response to such a motion is entirely within the discretion of the trial court. See Daniels v. State, 568 So.2d 63 (Fla. 1st DCA 1990) (holding that, because a motion to reduce sentence was addressed to the discretion of the trial court, “this court ... has no jurisdiction to review the correctness of the trial court’s disposition of the motion”). Accordingly, we hold that orders denying motions filed pursuant to section 921.186, Florida Statutes, are not appealable. Because the trial court ruled on the merits of the motion we decline to treat the appeal as a petition for writ of certiorari. *33 Therefore, the Appellee’s motion to dismiss is granted and the appeal is hereby dismissed.
BENTON, C.J., DAVIS and ROBERTS, JJ., concur.

. The appellant's motion for extension of time to file a response is granted, and the appellant’s response, filed December 27, 2012, is accepted as timely.