# Supreme Court of Florida

_____

No. SC14-93
_____

**DARRICK L. MCFADDEN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[October 29, 2015]

QUINCE, J.

This case is before the Court for review of the decision of the Second District Court of Appeal in McFadden v. State, 130 So. 3d 697 (Fla. 2d DCA 2013). The district court certified that its decision is in direct conflict with the decision of the First District Court of Appeal in Cooper v. State, 106 So. 3d 32 (Fla. 1st DCA 2013). Darrick McFadden also seeks review of McFadden, on the ground that it expressly and directly conflicts with Sanders v. State, 35 So. 3d 864 (Fla. 2010), Sims v. State, 998 So. 2d 494 (Fla. 2008), Hilton v. State, 961 So. 2d 284 (Fla. 2007), Santisteban v. State, 72 So. 3d 187 (Fla. 4th DCA 2011), and Ritter v. State, 885 So. 2d 413 (Fla. 1st DCA 2004), on a question of law. We

have jurisdiction.  See art. V, § 3(b)(3), (4), Fla. Const.  Because we conclude that orders denying relief under section 921.186, Florida Statutes (2010), the substantial assistance statute, are appealable, we quash the decision below, and we disapprove Cooper.

**FACTS**

In September 2008, Darrick McFadden was convicted of two counts of second-degree murder with a firearm and two counts of robbery with a firearm causing great bodily harm or death in the Twentieth Judicial Circuit in and for Lee County.  For these crimes, McFadden received a fifty-five-year prison sentence.[1] In October 2011, the State moved to reduce or suspend McFadden's sentence pursuant to section 921.186.[2]  The State explained that it sought McFadden's assistance in its prosecution of codefendant Carlos McSwain.  McFadden was deposed and the following month McSwain entered a plea of no contest to two counts of manslaughter and was sentenced to ten years in prison.  According to the State, but for McFadden's cooperation and substantial assistance, it would not have been able to obtain McSwain's plea and would have had no alternative but to enter a nolle prosequi order.

---

1. The trial court's judgment was per curiam affirmed on direct appeal.  See McFadden v. State, 17 So. 3d 1231 (Fla. 2d DCA 2009) (table).

2. Section 921.186 affords the trial court discretion to reduce or suspend a sentence if it finds that the defendant rendered substantial assistance.

The trial court conducted a hearing on the State's motion to reduce or suspend. The State outlined the following evidence which was presented at McFadden's trial. McFadden was driving a stolen van with McSwain and a Mr. Gibbs as passengers; they were looking for individuals to rob. While at a stop sign, McSwain exited the van and approached a man inside of a vehicle. An altercation ensued, and the man was shot and killed; the victim's cell phone was taken. McFadden then drove the van to another location where McSwain and Gibbs exited the van to approach two men. McSwain shot and killed one of the men; money was taken. After all three men abandoned the van, a Eugene Flores took the van before it was pulled over pursuant to a BOLO ("be on the look out" alert).

The prosecutor maintained that the State encountered "very unusual and unique difficulties" in prosecuting McSwain: (1) the trial court suppressed McSwain's confession; (2) the only surviving eyewitness to either of the crimes was an illegal alien who had disappeared; (3) Flores confessed to murder; (4) Gibbs was no longer cooperating despite having entered into a plea agreement; and (5) other witnesses either recanted or refused to cooperate. The only evidence against McSwain for the crimes was his fingerprint found inside of the van.

The prosecutor informed the trial court that he initiated contact with McFadden, advising him that if he were to provide substantial assistance and

testify against McSwain, then the State would recommend that his sentence be suspended or reduced, although such decision was within the trial court's discretion. The prosecutor made no promises to McFadden that reduction or suspension would in fact occur. McFadden agreed to testify against McSwain. McFadden's deposition and statements were consistent with his trial testimony. The prosecutor told the court:

> [B]ut for [McFadden's] assistance in first agreeing to cooperate and then providing his deposition and then being here ready to testify, the State would not have been able to proceed against Mr. McSwain. We really would have had no alternative but to nolle [prosse] because we couldn't even have gotten to the fingerprint so to speak.
> . . .
> [T]here certainly was substantial assistance. There's no question but for him we could not have acquired and achieved the plea that we got.

Thus, the State recommended that McFadden's sentence "be reduced or suspended, completely within your discretion as to the amount, if any."

The trial court expressed concerns pertaining to section 921.186:

> What are the ramifications of approving things like this?
> . . .
> Has anyone attacked that statute yet?
> . . .
> Shouldn't it be attacked?
> . . .
> [Y]ou know you've always been allowed after 60 days to mitigate a sentence; this was what three years?
> . . .
> It just seems that I see everyone up in prison serving a life sentence or 10 years or more saying God what can I come up with.
> . . .

I'm just trying to avoid a tit for tat so to speak, a deal either
threatening or promising anything.
. . .
We're going to get more now after this one.
. . .
But it stirs up everybody.
. . .
And cause[s] a lot of problems in that regard.

In addition, the trial court questioned the prosecutor's use of the statute in this case and whether substantial assistance was provided because the State already had McFadden's trial testimony.[3] The trial court also wondered why the prosecutor did not simply ask McFadden if he would be willing to testify in McSwain's trial. The trial court believed that the prosecutor "didn't follow all the affidavits to be sure that there wasn't some other way to get that testimony." The trial court also speculated that if McSwain later decided to withdraw his plea, then no substantial assistance would have been rendered by McFadden. The trial court questioned whether McFadden was actually interested in providing substantial assistance since he did not do so before.[4] At the conclusion of the hearing, the trial court denied the State's motion to reduce or suspend McFadden's sentence: "After reviewing the testimony, the statute itself, the Court finds it has no alternative than

_____

3. The State asserted that McFadden's trial testimony could not have been used against McSwain because he was not a codefendant or represented by counsel during the trial.

4. The trial court learned that the State originally sought McFadden's assistance in 2007.

- 5 -

to deny the motion. The philosophy is good, sir and everything else if I could substantiate—I did take some of that into consideration at the time that I sentenced you."[5] The trial court informed the defense that it had thirty days to appeal its ruling.

McFadden appealed, claiming that the trial court abused its discretion when it denied the motion based on improper factors. The State countered, contending that the motion was properly denied, but that in any event the order was not appealable. In affirming the trial court's decision, the Second District held:

> Though we agree with the First District that the decision to reduce or suspend a defendant's sentence falls squarely within the discretion of the trial court, see Cooper, 106 So. 3d at 32, we nonetheless hold that we have jurisdiction to review a trial court's order denying a motion filed pursuant to section 921.186 where the defendant alleges, as McFadden has here, that the trial court misapplied the statute.

McFadden, 130 So. 3d at 698 (citing United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996)). Accordingly, the district court certified conflict with the First District's decision in Cooper "[t]o the extent that [the decision] holds that an order denying a motion filed pursuant to section 921.186 is never appealable." Id.

---

5. Counsel for McFadden requested that the remainder of his sentence be suspended or reduced to five years in prison, or in the alternative, ten years in prison with credit for time served.

## ANALYSIS

The question presented is whether a trial court's denial of a motion to reduce or suspend a sentence filed pursuant to section 921.186, Florida Statutes, is appealable. Because this is a pure question of law, this Court's review is de novo. Keck v. Eminisor, 104 So. 3d 359, 366 (Fla. 2012). Section 921.186, titled "Substantial assistance," which became effective on July 1, 2010, provides as follows:

> Notwithstanding any other law, the state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of violating any felony offense and who provides substantial assistance in the identification, arrest, or conviction of any of that person's accomplices, accessories, coconspirators, or principals or of any other person engaged in criminal activity that would constitute a felony. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if the judge finds that the defendant rendered such substantial assistance.

§ 921.186, Fla. Stat. (2010) (emphasis added); see also ch. 2010-218, §§ 1, 2, Laws of Fla.

Under the Florida Constitution, the district courts of appeal "shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts . . . not directly appealable to the supreme court or a circuit court." See Art. V, § 4(b)(1), Fla. Const. Article V, section 4(b), grants the district courts jurisdiction to hear criminal appeals and affords criminal

- 7 -

defendants a constitutional right to an appeal.  State v. Jefferson, 758 So. 2d 661, 664 (Fla. 2000).  In Amendments to the Florida Rules of Appellate Procedure, 696 So. 2d 1103 (Fla. 1996), this Court

> recede[d] from [State v.]Creighton[,469 So. 2d 735 (Fla. 1985)] to the extent that we construe the language of article V, section 4(b) as a constitutional protection of the right to appeal.  However, we believe that the legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights.

Id. at 1104.  "Appeals to . . . the District Courts of Appeal are constitutionally guaranteed rights in this State.  This being true, it is fundamental that statutes or rules regulating the exercise of such rights should be liberally construed in favor of the appealing party and in the interest of manifest justice."  Robbins v. Cipes, 181 So. 2d 521, 522 (Fla. 1966) (footnote omitted).

A criminal defendant may appeal "orders entered after final judgment."  See Fla. R. App. P. 9.140(b)(1)(D).  We conclude that an order denying a motion filed under section 921.186 is an appealable final order pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D).  See, e.g., State v. Robinson, 873 So. 2d 1205, 1208 (Fla. 2004) (concluding that the district court has jurisdiction to review an order designating a defendant a sexual predator); State v. Schultz, 720 So. 2d 247, 248 (Fla. 1998) (agreeing that an order withholding adjudication of guilt without placing the defendant on probation is appealable).  Accordingly, we quash the Second District's decision in McFadden, which conditions jurisdiction on

whether the defendant claims a misapplication of section 921.186. 130 So. 3d at 698. We also disapprove the First District's decision in Cooper, which held that orders denying motions filed under section 921.186 are not appealable. 106 So. 3d at 32.

Having concluded that McFadden was authorized to appeal the trial court's ruling under section 921.186, we must determine whether the trial court abused its discretion in denying the motion to reduce or suspend McFadden's sentence. "Discretion is abused only when the trial court's decision is 'arbitrary, fanciful, or unreasonable.' " Gonzalez v. State, 990 So. 2d 1017, 1033 (Fla. 2008) (quoting Johnson v. State, 904 So. 2d 400, 405 (Fla. 2005)). McFadden claims that the motion was denied because the trial court disagreed with the philosophy behind the law and the prosecutor's choice to utilize the law, and that the court improperly considered McFadden's exercise of his right to trial as a factor.

The record clearly demonstrates that McFadden provided substantial assistance under section 921.186, as it relates to codefendant McSwain's plea. Faced with "very unusual and unique difficulties" in the case against McSwain, the State would have had to nolle prosse the charges absent McFadden's agreement to cooperate, be deposed, and be ready to testify against McSwain. McFadden's substantial assistance caused McSwain to plead no contest to two manslaughter counts for which he was sentenced to ten years in prison. However, this does not

end the analysis as section 921.186 does not mandate the trial court to reduce or suspend a sentence upon a showing of substantial assistance. See § 921.186, Fla. Stat. ("The judge hearing the motion may reduce or suspend the sentence if the judge finds that the defendant rendered such substantial assistance.") (emphasis added).

Due to the trial court's consideration of improper reasons, we conclude that the court committed a clear abuse of discretion in this case. In finding it had "no alternative than to deny the motion," the trial court questioned whether any substantial assistance was given by McFadden, speculated that McSwain may withdraw his plea in the future, and noted that McFadden did not provide substantial assistance in the past. Moreover, the trial court was unnecessarily hostile to the enactment of section 921.186, even so far as suggesting, "Shouldn't it be attacked?"

**CONCLUSION**

Based on the foregoing, we quash the Second District Court's decision in McFadden, and we disapprove the First District Court's decision in Cooper. We remand this case for proceedings consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, CANADY, POLSTON, and PERRY, JJ.,
concur.
LEWIS, J., dissents.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

Second District - Case No. 2D11-6172

(Lee County)

Howard L. Dimmig, II, Public Defender, and Karen Mary Kinney, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; John M. Klawikofsky, Bureau Chief, and Peter N. Koclanes, Assistant Attorney General, Tampa, Florida,

for Respondent