# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————

Case No. 5D23-2914
LT Case No. 2023-CT-000253-A

—————————————

JESSICA SHAE STRICKLAND,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

—————————————

On appeal from the County Court for Lake County.
Emily Curlington, Judge.

William J McCabe, Longwood, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Marissa V. Giles, Assistant Attorney General, Daytona Beach, for Appellee.

February 23, 2024

ON MOTION TO DISMISS

MAKAR, J.

Jessica Shae Strickland's driving record is less than stellar, resulting in the suspension of her driver's license, jail time for driving while her license was suspended, and—pertinent to this case—her designation as a habitual traffic offender (HTO), which

requires three or more convictions for specified offenses within a five-year period. *See* § 322.264, Fla. Stat. (2023). A mechanism exists for the removal of the HTO designation, which Strickland invoked by pleading nolo contendere to the underlying charge in this case arising in Lake County, Florida (driving while license suspended) and attempting to prove compliance with statutory criteria. *See id.* § 322.27(5)(b) (If a person whose license is revoked "as a result of a third violation of driving a motor vehicle while his or her license is suspended or revoked provides proof of compliance for an offense listed in s. 318.14(10)(a) 1.-5., the clerk of court shall submit an amended disposition to remove the habitual traffic offender designation.").

After the entry of final judgment against her, Strickland filed a motion requesting that the trial court—here, the county court for Lake County—enter an order directing that the clerk of court remove the HTO designation and forward the amended disposition to the Florida Department of Highway Safety and Motor Vehicles for removal of the designation as to Strickland. The trial court, however, ruled that Strickland must first comply with the procedural requirements of section 318.14(10)(b), Florida Statutes, which requires that a person cited for an applicable offense seeking a withholding of adjudication "shall present proof of compliance before the scheduled court appearance date." Strickland contended that this requirement would have applied to her plea hearing if she had sought a withhold of adjudication (which she did not seek) but is inapplicable to a proceeding seeking the removal of an HTO designation under section 322.27(5)(b). The trial court disagreed and entered an order denying relief. Strickland filed a timely notice of appeal from that order.

In this Court, the State now moves to dismiss this case for lack of jurisdiction. It asserts that the trial court's order is not appealable under Florida Rule of Appellate Procedure 9.140 which regards "Appeal Proceedings in Criminal Cases." The State points out that Strickland is not appealing her judgment or sentence, both of which would be appealable under the rule. *See* Fla. R. App. P. 9.140(b)(1)(A), (F). The State also argues that section 322.27(5)(b), the HTO removal provision, is an "administrative" statute that is solely administered by the clerk of court and makes no mention of judicial authority to "impose or order an amended

2

disposition of the habitual traffic offender status." As such, the relief that Strickland seeks under section 322.27(5) is "solely administrative and within the purview of the clerk of court, not the trial court."

Strickland counters that rule 9.140(b)(1)(D) allows for her appeal because it explicitly says a criminal defendant may appeal "*orders entered after final judgment or finding of guilt*, including orders revoking or modifying probation or community control, or both, or orders denying relief" under specified rules of criminal procedure not applicable here. (Emphasis added). Strickland first points out that the order at issue was "entered after final judgment" or a "finding of guilt" and thereby falls within the rule's textual language. She then notes that the word "including" is commonly understood to mean that the various orders listed thereafter are neither an exclusive nor exhaustive list. *See, e.g.*, *White v. Mederi Caretenders Visiting Servs. of Se. Fla., LLC*, 226 So. 3d 774, 781 (Fla. 2017) (The "conventional rule in Florida [is] that the Legislature uses the word 'including' in a statute as a word of expansion, not one of limitation."). Thus, if an order is entered after final judgment or a finding of guilt in the same criminal case, the rule applies, and the order is appealable, even if the order is not one listed after the word "including."

We agree that the textual phrase "orders entered after final judgment or finding of guilt" in rule 9.140(b)(1)(D) includes the type of post-judgment order at issue in this case. An order denying relief to a movant/defendant in a criminal proceeding seeking to remove an HTO designation imposed after a final judgment and finding of guilt have been entered is precisely what the rule envisions. The text is clear. Moreover, as Strickland urges, the decision in *McFadden v. State*, 177 So. 3d 562 (Fla. 2015), is persuasive on this point. In that case, the criminal defendant, McFadden, appealed from the trial court's denial of his motion to reduce or suspend his sentence under Florida's "substantial assistance" statute. § 921.186, Fla. Stat. (2010) ("The judge hearing the motion may reduce or suspend the sentence if the judge finds that the defendant rendered such substantial assistance."). Our supreme court concluded that "an order denying a motion filed under section 921.186 is an appealable final order pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D)."

3

*McFadden*, 177 So. 3d at 566. Likewise, in the context presented—i.e., the removal of an HTO designation arising from the third offense that triggered the HTO statute—we conclude that Strickland's motion is one that was "entered after final judgment" or a "finding of guilt," and was directly related to the underlying proceedings. As such, jurisdiction is established.

The view that the procedure in section 322.27(5)(b) is solely administrative and exempt from judicial review is not persuasive. The statute merely says that a clerk of court "shall submit an amended disposition to remove the habitual traffic offender designation" if proof of compliance is provided; the statute is silent, however, as to who makes the determination of the adequacy of a submission. In this regard, it is "well-established that the clerk of courts is a ministerial officer of the court and, as such, is not endowed with any discretion." *Coral Gables Imps., Inc. v. Suarez*, 306 So. 3d 348, 351 (Fla. 3d DCA 2020). Further, a clerk "lacks 'authority to judicially determine the legal significance of a document tendered for filing.'" *Id.* (citations omitted). Based upon these principles, we agree with Strickland that a trial court, rather than a clerk of court, "has the authority to determine the legal significance of a document tendered and to direct the clerk of court to act accordingly."

In conclusion, the denial of Strickland's motion for an order directing that the clerk of court remove the HTO designation is an appealable order under Florida Rule of Appellate Procedure 9.140(b)(1)(D). As such, this appeal shall proceed accordingly.

The State's Motion to Dismiss is DENIED.


WALLIS and PRATT, JJ., concur.

4

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---