# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2026-0074
Lower Tribunal No. 2023-MM-000383
_____

RAUL A. CAMPOVERDE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Orange County.
Faye L. Allen, Judge.

April 24, 2026

BROWNLEE, J.

A criminal defendant has a constitutional right to appeal anchored in article V, section 4(b)(1) of the Florida Constitution. Likewise, a criminal defendant has the right to counsel, including the right to counsel on appeal. The question we face today is whether a defendant may trigger our jurisdiction by filing a pro se notice of appeal while represented by counsel. In concluding the defendant cannot, we trace the relevant holdings of the Florida Supreme Court, follow the road paved by our sister courts, and dismiss this case.

Raul Campoverde filed a pro se notice of appeal, seeking to challenge the final judgment and sentence entered against him. Because Campoverde filed his notice of appeal pro se, this court directed the clerk of the lower tribunal to file a document identifying the attorney who represented Campoverde at the time the trial court entered its judgment and sentence, or to certify that Campoverde was unrepresented throughout the trial court proceedings. The clerk of the lower tribunal responded that Campoverde was indeed represented by counsel in the trial court.

Upon receiving the clerk's response, this court directed Campoverde's trial counsel to show cause why the notice of appeal should not be stricken as a nullity because Campoverde filed it pro se while represented by counsel. Trial counsel responded that he was a private attorney, retained to represent Campoverde in the trial court only, and that he was not retained to represent Campoverde on appeal. Counsel further explained Campoverde did not consult with him before filing the notice of appeal, that he is not adopting the notice, and that the notice of appeal is a "legal nullity" under *Logan v. State*, 846 So. 2d 472 (Fla. 2003).

Whether Campoverde's pro se notice of appeal is a legal nullity, or whether it was sufficient to trigger our jurisdiction is something we must decide for ourselves. *See Shassian v. Riverwalk Park, LLC*, 365 So. 3d 484, 486 (Fla. 6th DCA 2023) ("We have an independent duty . . . to determine our jurisdiction." (citations omitted)).

2

At the outset, we note that the Florida Constitution confers jurisdiction on this court "to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court." Art. V, § 4(b)(1), Fla. Const. According to the Florida Supreme Court, this provision "affords criminal defendants a constitutional right to an appeal." *McFadden v. State*, 177 So. 3d 562, 566 (Fla. 2015). But that right is not unfettered, and reasonable conditions have been placed upon it. *See* § 924.051(8), Fla. Stat. ("It is the intent of the Legislature that all terms and conditions of direct appeal . . . be strictly enforced, including the application of procedural bars, to ensure that all claims of error are raised and resolved at the first opportunity. It is also the Legislature's intent that all procedural bars to direct appeal and collateral review be fully enforced by the courts of this state.").

The Florida Supreme Court has adopted rules of judicial practice and procedure for invoking appellate jurisdiction, as required by article V, section 2(a) of the Florida Constitution. *See* art. V, § 2(a), Fla. Const. ("The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review . . . ."). For example, it adopted Florida Rule of Appellate Procedure 9.140(b)(3), which allows for the commencement of criminal appeals "at any time between rendition of a final judgment and 30 days following rendition of a written

3

order imposing sentence." Fla. R. App. P. 9.140(b)(3); *see also* Fla. R. App. P. 9.110(b) (requiring that notice of appeal from a final judgment must be filed "within 30 days of rendition of the order to be reviewed"). It also adopted Florida Rule of Appellate Procedure 9.140(d)(1), which makes it the professional duty of attorneys of record to continue to represent criminal defendants until certain tasks are completed, including filing the notice of appeal on a defendant's behalf.

Like the right to appeal, criminal defendants also enjoy the right to counsel on direct appeal under both the Sixth and Fourteenth Amendments to the United States Constitution, as well as article I, section 16(a) of the Florida Constitution. And of course, a criminal defendant may also represent himself. *See Pasha v. State*, 39 So. 3d 1259, 1261 (Fla. 2010) ("[T]he Sixth and Fourteenth Amendments include a 'constitutional right to proceed *without* counsel when' a criminal defendant 'voluntarily and intelligently elects to do so.'" (quoting *Indiana v. Edwards*, 554 U.S. 164, 128 S. Ct. 2379, 2383, 171 L. Ed. 2d 345 (2008))). But a defendant has no right to do both at the same time. As the Florida Supreme Court put it:

> More than twenty years ago, this Court explained that the Sixth Amendment to the United States Constitution, as interpreted in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), does not "guarantee that the accused can make his own defense personally *and* have the assistance of counsel." *State v. Tait*, 387 So. 2d 338, 339–40 (Fla.1980). Likewise, article I, section 16 of the Florida Constitution does not "embody a right of one accused of crime to representation both by counsel and by himself." *Id.* at 340; *see also Mora v. State,* 814 So. 2d 322, 328 (Fla.) ("[T]here is no constitutional right for hybrid representation at trial."), *cert. denied,* 537 U.S. 1050, 123 S.Ct. 603,

154 L.Ed.2d 526 (2002). Thus, as the Fifth District Court of Appeal succinctly stated in *Sheppard v. State*, 391 So. 2d 346 (Fla. 5th DCA 1980), shortly after this Court decided *Tait*, "[t]he defendant, under appropriate circumstances, has the constitutional right to waive counsel and represent himself. The defendant has no right, however, to partially represent himself and, at the same time, be partially represented by counsel." *Id.* at 347 (citations omitted).

*Logan*, 846 So. 2d at 474–75 (footnote omitted).

The Florida Supreme Court later clarified that the *Logan* rule is not limited to cases where a defendant is represented by trial (but not appellate) counsel. *Johnson v. State*, 974 So. 2d 363, 364 (Fla. 2008). Rather, the rule "applies to any pro se filings submitted by litigants seeking affirmative relief in the context of *any* criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings." *Id.* at 364–65 (emphasis added). The *Johnson* court then instructed that, in accordance with its manual of internal operating procedures, "[a]ny papers filed pro se, addressing matters that are related to such ongoing proceedings, whether in the form of a petition, notice, motion, or another form of request for relief, will be deemed unauthorized and subsequently dismissed." *Id.*

5

Subject to specific exceptions,[1] the Florida Supreme Court has employed the *Logan* rule to strike all sorts of pro se filings, including notices that would otherwise invoke an appellate court's jurisdiction. *See Morgan v. State*, 143 So. 3d 920, 920 (Fla. 2014) ("It appearing to this Court that petitioner has filed the instant pro se notice to invoke discretionary jurisdiction while represented by counsel, the notice is hereby stricken as an unauthorized pleading, and the cause is dismissed."); *Addison v. Hardy*, 103 So. 3d 138 (Fla. 2012) ("It appearing to this Court that petitioner has filed the instant pro se petition while represented by counsel, the petition for writ of habeas corpus is hereby stricken as an unauthorized pleading, and the cause is dismissed."); *Quinones v. State*, 103 So. 3d 141 (Fla. 2012) ("It appearing to this Court that petitioner has filed the instant pro se petition while represented by counsel, the petition for writ of prohibition is hereby stricken as an unauthorized pleading, and the cause is dismissed.").

---

[1] For example, in *Logan,* the Florida Supreme Court explained courts have not viewed a pro se pleading, in which a request to discharge counsel was made, as a legal nullity where a "pro se criminal defendant is affirmatively seeking to discharge his or her court-appointed attorney." *Logan*, 846 So. 2d at 476. The Court later announced yet another exception "where a defendant files a pro se motion to withdraw a plea pursuant to rule 3.170(*l*), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea. *Sheppard v. State*, 17 So. 3d 275, 277 (Fla. 2009).

Our sister courts have followed suit. *See Gilbert v. Singletary*, 632 So. 2d 1104, 1104 (Fla. 4th DCA 1994) (refusing to entertain pro se habeas petition where petitioner was represented by counsel and direct appeal was pending, and stating, "a party may not be simultaneously represented by counsel and yet file pro se pleadings or petitions in the same case"); *Thompson v. State*, 615 So. 2d 737, 741 (Fla. 1st DCA 1993) (holding that pro se motion for discharge filed when defendant was represented by counsel is a nullity); *Salser v. State*, 582 So. 2d 12, 14 (Fla. 5th DCA 1991) (same); *Farrell v. State*, 317 So. 3d 1277, 1277 (Fla. 1st DCA 2021) (dismissing appeal and citing cases for propositions that criminal defendant cannot proceed pro se while represented by counsel and trial counsel retains status as counsel for party in appellate court under rule 9.360(b)).

We must do the same here. Campoverde was represented by counsel at the time he filed his pro se notice of appeal. Indeed, the filings in this case show that Campoverde hired private counsel to represent him below and that Campoverde and the State reached a negotiated resolution of this case. But there is no record of any order permitting defense counsel to withdraw, *see* Fla. R. App. P. 9.140(d)(1), and "[a]ttorneys . . . in the lower tribunal . . . retain their status in the court unless others are duly appointed or substituted[.]" Fla. R. App. P. 9.360(b). Nor has defense counsel attempted to adopt the pro se notice of appeal. *See State v. Craven*, 955 So. 2d 1182, 1184 (Fla. 4th DCA 2007) ("In some situations, defense counsel can adopt

7

and proceed to argue his client's *pro se* filings."). Finally, no exception to the *Logan* rule applies in this case, as Campoverde has not made an unequivocal request to discharge counsel. *See Logan*, 846 So. 2d at 479; *Crandall v. State*, 387 So. 3d 1259, 1262 (Fla. 5th DCA 2024) ("Crandall's motion did not contain an unequivocal request to discharge his counsel. His motion was therefore a nullity and should have been stricken."). Accordingly, Campoverde's pro se notice of appeal is a nullity.

Having failed to file an authorized notice of appeal in accordance with the Florida Rules of Appellate Procedure within thirty days of his judgment and sentence, Campoverde has not invoked this court's jurisdiction. *See* Fla. R. App. P. 9.140(b)(3); *Helmich v. Wells Fargo Bank, N.A.*, 136 So. 3d 763, 764 (Fla. 1st DCA 2014) (recognizing that the requirement of filing a notice of appeal within thirty days is "jurisdictional and irremediable" (citing *Sims v. State*, 998 So. 2d 494, 509–11 (Fla. 2008))).

Accordingly, we strike Campoverde's pro se notice of appeal and dismiss this case for lack of jurisdiction. We do so without prejudice to Campoverde's filing a petition for belated appeal, under Florida Rule of Appellate Procedure 9.141(c), in the event he can do so in good faith.

DISMISSED.

NARDELLA and WOZNIAK, JJ., concur.

Brian F. Greenwald, of Brian F. Greenwald, P.A., Longwood, for Appellant.

No Appearance for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED